Nash, C. J.
 

 Hie second exception made to the plaintiff’s recovery is decisive of the case now before us.
 

 The plaintiff claims under'long leases made by the Tuscarora tribe of Indians, conveying the premises in question. Those leases were made in the year '1805, and prior thereto, and were proved and registered in 1813, and the plaintiff offered in evidence, copies from the register’s book. Their reception was objected to by the defendant. The objection was overruled and the copies admitted.
 

 At the time those leases were made and registered, up to the year 1824, they were considered mere chattel interests, and there was no Actof Assembly authorising their registration.' The registration in 1813, was of no effect, and, as a ncessary consequence, copies from the register’s book were not competent evidence, without pursuing the course pointed out for giving in evidence copies of any other private deeds or paper writing. The Act of 1824, cli. 13, converted these chattel interests, thereafter, into real estates for the term for which they were originally granted, investing them with all the incidents of such estates, and concludes by saying, “ and its conveyance and devise shall be governed by the same rules as are now prescribed in the case of real estate held in fee simple.” All conveyances of real estate are required to be proved and registered in the county where the land lies, and copies from the register’s book, properly certified, when the original is lost, are made evidence. Here, the deeds were put upon the register’s book in the year 1813. The Act of 1824, has no retro
 
 *115
 
 epective operation. It is all prospective so far as the registration is affected. They might, and ought to have been proved and registered since the Act of 1824. See S. C. 13 Ire. 319.
 

 His Honor erred in admitting the copies of the leases in evidence.
 

 Per Curiam.
 

 Judgment is reversed and a
 
 venire de novo
 
 awarded.