Nash, C. J.
 

 The question presented in this case is scarcely an open one. Tbe general provision made by tbe Act requiring deeds for lands to be registered, is that “ no conveyance of land shall be valid unless it be acknowledged by tbe grantor, or proven upon oath before one of tbe Judges of tbe Supreme Court, or of tbe Superior Court, or in tbe County Court of tbe County where tbe land lieth, and registered by tbe public register of tbe County.” Until a deed is proved, as by tbe Act directed, tbe public register has no authority to put it on bis book; the probate is bis warrant, and his only warrant for so doing.
 
 Burnett
 
 v.
 
 Thompson,
 
 3 Jones’ Rep. 113 ;
 
 Tooley
 
 v.
 
 Lucas,
 
 Ibid. 146 ;
 
 Lambert
 
 v.
 
 Lambert,
 
 11 Ire. Rep. 162.
 

 In this case tbe original deed was produced, upon wbicb is a certificate of registration. Tbe case states, however, that there was no evidence that it ever bad been proved. If, upon this certificate of tbe register, tbe deed is to be received in evidence, tbe Act requiring probate is a dead letter, and tbe unauthorised act of tbe register gives efficacy to tbe- deed as evidence. The case of
 
 Freeman
 
 v.
 
 Hatley, 8
 
 Jones’ Rep. 115, affirms this view of'tbe question. Tbe evidence there was admitted upon tbe peculiar circumstances of tbe case; tbe original deed was lost, and tbe records of the- County Court of Montgomery, tbe County in wbicb tbe land lay, were destroyed by fire. There is no error.'
 

 Pee Oueiam. Judgment affirmed.