GEORGE C. DOUGLAS *v.* R. A. CALDWELL.

A suit in equity begun in 1867 is to be governed in regard to procedure, by the laws then existing ; *therefore* where a bill was filed to set aside a release given by a ward to his guardian, and for an account, &c.; *Held,* that the Court had no power, before making a decree to set aside the release, against the defendant's will, to make an order of reference, particularly an order of reference to hear, try and determine the issues in the cause.

(*Lunsford* v. *Boslion,* 1 Dev. Eq. 483 cited and approved.)

BILL IN EQUITY, filed in 1867, before *Cloud, J.,* upon a motion to refer, at Fall Term 1869 of ROWAN Court.

The point involved is one of practice, and requires no further statement of facts than appears in the opinion.

His Honor ordered the issues to be referred, and the defendant appealed.

*Craige,* for the appellant.
*Wilson and Blackmer* & *McCorkle, contra.*

SETTLE, J.   This was a bill in equity, filed in 1867, praying that a release, executed by the plaintiff to the defendant, might be set aside, and an account re-opened for a settlement of the accounts of the defendant, as guardian of the plaintiff.   The plaintiff alleges that in executing the release, he was over-reached by the defendant.   The allegations of the bill are denied by the defendant's answer.   The cause was regularly transferred from the Court of Equity of Rowan

County, to the Superior Court of said county, and stood under the order of "replication and commissions." At Fall Term 1869, the Court, upon motion of the plaintiff, and against the will of the defendant, acting under the impression that the provisions of the Code of Civil Procedure, sec. 245, applied to this suit, ordered a reference of all the issues in the cause to J. F. Graves, Esq., to hear, try and determine the same.

In this there is error. This cause is governed by the procedure existing prior to the Code. That practice did not permit such a reference as is here made. "A reference is ordered, to ascertain the mode and extent of the relief which the particular circumstances may require, after the decree upon the hearing establishing the right to some relief. Where a mortgage or a partnership is declared, accounts are ordered, &c."

"Inquiries relate to matters supplementary to the general relief decreed on the hearing." *Lunsford* v. *Bostion,* 1 Dev. Eq. 483.

The gist of this controversy is, the release, which the plaintiff seeks to set aside. Before a decree establishing the right of the plaintiff to have this release set aside, there is nothing to refer to the master. Incidental and supplementary to such a decree, would be an account of the guardianship ; and this would be a proper subject of reference.

Let it be certified that there is error in the order of reference.

PER CURIAM.                                    Order reversed.