Verdict and judgment for plaintiff, appeal by defendants.
The bond declared on in this action was executed by defendant Morrison with the other defendants his sureties, conditioned for the safe keeping and proper disbursement by said Morrison, as treasurer of the plaintiff company, of the money and effects which might come into his hands belonging to the company, and for the performance of his duty as such treasurer in all other respects. A *Page 142 
breach of said bond is alleged, in that, the defendant Morrison received a large sum of money, the amount not known, and contrary to the conditions of his bond he paid out some of it to persons not entitled to receive it, and without authority, appropriated a part to his own use, and has still in his hands a considerable amount not accounted for.
The defendants in their answer, admitting the appointment and acting of Morrison in the position of treasurer and the execution of the bond declared on, deny any breach of the conditions of the bond, and aver full performance of his duty in all things. And they specially set up and rely on, as a bar to any further accountability, a settlement had with a finance committee of the company covering all matters of account of the first fiscal year ending the 31st of May, 1873, and also an account and settlement with one Springs, receiver, on the 21st of April, 1874, in respect of the money and effects of the company which came to the treasurer's hands after the settlement with the finance company, as a bar to any opening of the accounts for that year.
On the opening of the cause for trial the defendants insisted on an issue to be submitted to the jury on the question of breach or no breach, but His Honor was of opinion that inasmuch as the accounting character of defendant as treasurer was admitted in the answer, the plaintiff would have a right to an order of account as of course, if it were not that the defendant had set up and pleaded settlements had with the company in bar of an account, and that therefore the proper preliminary issue was as to the existence and sufficiency of the alleged settlements to bar the further investigation of the accounts of the treasurer. To this refusal of the issue desired on the part of the defendants and the submission of one instead as to the existence and sufficiency of the settlements pleaded in bar, the defendants excepted; and therein it is claimed that His Honor erred.
Under our new system the courts being required to *Page 143 
recognize the legal and equitable rights of the parties in the same action, it is proper that the action of the court and the practice should be framed so as to give in effect such remedy and work such determination of the rights involved as were formerly attainable in either a court of law or equity, or both, and therefore His Honor, having regard to the object of the action and the facts stated and put in issue, should have regarded the action, although instituted on the official bond of the treasurer, as substantially a suit for an account. It is alleged in the complaint that Morrison had a large sum to come to and pass from his hands as treasurer, some of it without authority to persons not entitled to receive it, some to his own use, and a large sum still in his hands; and while the defendants in the answer deny all misapplication, yet it is admitted the treasurer had received a large sum of money, and thereby admitting his former liability to account, it is sought to defeat any further account by a plea in bar of two settlements alleged in the answer. Whenever a person admits himself to be an accounting party, it is usual to order an account as of course, but if the liability to account is denied as by release or former settlement, no order of reference can be had until the alleged bar is passed upon.Dozier v. Sprouse, 1 Jones Eq., 152; Douglas v. Caldwell, 64 N.C. 372. That was precisely the case in this action. The accounting character of the treasurer is admitted but two settlements are relied on as barring the plaintiff's right to an account, and if they be full and fair they are a bar as well in a court of law as in a court of equity. Costin v. Baxter, 6 Ired. Eq., 197; Mebane v. Mebane, 1 Ired. Eq., 403; 1 Story Eq., § 590.
It would seem then upon authority that the issue as to the matters relied on in bar was a preliminary issue and should be settled before any other progress was made. And apart from authority the course pursued by His Honor was well justified by the reason of the thing. Evidently no good *Page 144 
could come from the expense and labor of an investigation of the accounts under an order of reference, or by a trial before a jury on the issue insisted on by defendants on the question of breach, if the alleged settlements, already had, concluded the parties. Why take an account in either mode, if the accounts settled were sufficient in law to protect defendant against liability to account again. We hold, therefore, as to this exception, that the court was not in error in the refusal of the issue requested by defendants and in the submission of one as to the existence of the settlements alleged by defendants.
On this decision of His Honor as to the issue proper to be submitted, the plaintiff conceded a full and final settlement for the first fiscal year ending the 31st of May, 1873, but claiming that there was no full and final account of the agency of defendant Morrison after that date, His Honor framed and submitted to the jury an issue as to the fact of a full and final accounting for the last year. In support of the affirmative of the issue, Morrison introduced a receipt of Springs as receiver, dated 10th of April, 1874, giving an itemized statement of the assets of the company consisting of bonds and notes turned over to him, and testified in his own behalf, that no examination of his books, accounts and vouchers was made, but expressly declined, and that Springs refused to give a receipt to operate to any further extent than to the assets turned over to him. He further stated that Springs also said that during his last year's agency, he carried forward upwards of one thousand dollars on hand at the close of his accounts settled before the finance committee for the year before; that he (witness) had received from Gormsley, a temporary receiver, a sum of money, and during the year had received thousands of dollars, as much as twenty thousand, and he had paid all of it out under advice of counsel; but no estimate of the accounts in *Page 145 
regard thereto was made by Springs, and no statement thereof was contained in the receipt exhibited.
This being all the evidence in support of the fullness and finality of the settlement alleged by defendants, His Honor held that it amounted to no evidence and directed the jury to find the issue in favor of the plaintiff and defendants excepted.
Upon this exception the question is, did the testimony offered amount to no evidence of the full and final account alleged? If it was of this import, or not such as reasonably to warrant a finding of the fact under investigation it is settled that in such case the court should not have allowed the jury to pass on the issue at all, but have directed them to find against the party on whom rested the burden of proof. State v.Patterson, 78 N.C. 470, and cases therein cited.
What is a full and final account? An account can not be said to be full which does not embrace all the items of charge and discharge, nor can it be said to be final, if as made it is contemplated that a future reckoning is or may be had. Here upon the treasurer's own statements, the receipt embraced nothing more than an enumeration of the assets turned over, and no estimate was then made of the thousands of dollars which he had received during the year, and as to the finality of the settlement made, it was expressly refused to give a receipt of any operation except to the extent of the articles therein mentioned and turned over at the time. The alleged settlement was not full, in that it omitted any account of the money received and claimed to be disbursed; and it lacked finality, in that the restricted receipt that was given in effect left the treasurer exposed to accountability as to all things not itemized therein.
It is our opinion therefore that His Honor did not err in his ruling and directions to the jury upon the question of the evidence adduced as to the alleged settlement between the treasurer and Springs, the receiver. *Page 146 
There is no error. judgment of the court below is affirmed and this will be certified.
No error. Affirmed.