UNITED STATES HEATER CO. *v.* APPLEBAUM.

CONTRACTS—OFFER AND ACCEPTANCE—SALE—DELIVERY.

Plaintiff forwarded for defendant's written acceptance a contract providing that defendant should deliver to plaintiff, "as required during the year 1899," a quantity of scrap iron. Defendant replied that, in accepting the offer, he could not agree to commence to furnish the iron before April 1st, but that, if this should be satisfactory, he would sign the contract. Plaintiff thereupon signed and forwarded a contract identical with the original, except that delivery within one year from April 1st was stipulated. *Held,* that, in the absence of assent by defendant to the three months' extension in the period of delivery, no contract was effected.

Error to Wayne; Donovan, J. Submitted April 2, 1901. Decided April 16, 1901.

*Assumpsit* by the United States Heater Company against Isaac Applebaum for the breach of a contract of sale. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*George W. Radford,* for appellant.

*Adolph Sloman,* for appellee.

MONTGOMERY, C. J. This is an action to recover damages for the breach of an agreement to deliver 700 tons of scrap iron under a contract claimed to exist between the parties. The learned circuit judge was of the opinion that no contract was shown, and directed a verdict for the defendant. The sole question in the case is whether the minds of the parties ever met upon the contract averred in the declaration. The contract averred is a contract to deliver, as required by plaintiff, between April 1, 1899, and April 1, 1900, 500 to 700 tons of machinery scrap No. 1, at the price of $8.15 per ton. The plaintiff's evidence

disclosed that prior to January 20, 1899, a conversation was had between plaintiff's manager and defendant by telephone; that, following upon this conversation, a letter in the following terms was addressed to defendant:

"Detroit, January 20, 1899.
"Mr. Isaac Applebaum,
"City.

"*Dear Sir:* You may enter our order for a quantity of from 500 to 700 tons of No. 1 machinery cast scrap, to be delivered as required during the year 1899, unloaded from our siding, at a price of $8.15 per ton. Terms: 30 days, with the privilege of 90 days' additional time by including interest. You agree to furnish this quantity of iron to us on the foregoing terms, and to promptly fill all our orders. The grade of this scrap iron is fully guaranteed by you, with the understanding that you are to remove, free of expense to us, any which we may be obliged to reject at any time.

"Yours very truly,
"United States Heater Company,
"Henry T. Cole, Sec'y and Treas.
"Accepted, _____."

This was accompanied by a note requesting defendant to write his acceptance and return. On the 28th of January the defendant wrote plaintiff, acknowledging the receipt of its letter, and adding:

"I will say to you that by accepting your offer I cannot agree to commence to furnish you the amount of iron before April 1st, '99, as I have a good many orders and contracts ahead of yours. * * * If it is satisfactory to you, you will kindly fill out your blank, and mail it to me, and I will sign same."

In reply to this, plaintiff, on February 1st, wrote defendant the following letter:

"Detroit, Mich., February 1, 1899.
"Mr. Isaac Applebaum,
"City.

"*Dear Sir:* We have your letter of the 28th referring to contract, and inclose new blank on the basis you desire. We have simply made the contract read, 'One year from April 1st,' instead of commencing with January. We do

this to meet your wishes, although we understand that you will undoubtedly be able to furnish us such scrap as we may require between this date and April 1st. We estimate that we shall have to have in the neighborhood of 100 tons. You can undoubtedly work this in for us. Kindly sign and return this contract to us at once.

" Yours very truly,

" UNITED STATES HEATER COMPANY,

" HENRY T. COLE, Sec'y and Treas."

With this letter was inclosed another signed contract, reading as follows:

"DETROIT, February 1st, 1899.

"Mr. ISAAC APPLEBAUM,

" City.

"*Dear Sir:* You may enter our order for a quantity of from 500 to 700 tons of No. 1 machinery cast scrap, to be delivered as required between April 1st, 1899, and April 1st, 1900. The price to be $8.15 per net ton, unloaded from our siding. Terms: 30 days, with the privilege of 90 days' additional time by including interest. You agree to furnish this quantity of iron to us on the foregoing terms, and to promptly fill all our orders. The grade of this scrap iron is fully guaranteed by you, with the understanding that you are to remove, free of expense to us, any which we may be obliged to reject at any time.

" Yours very truly,

"UNITED STATES HEATER COMPANY,

" HENRY T. COLE, Sec'y and Treas.

" Accepted, _____."

On February 4th defendant replied as follows:

"DETROIT, MICH., February 4, 1899.

"UNITED STATES HEATER COMPANY,

" City.

"*Gentlemen:* Yours of the 1st inst. received. In reply, would say that during that time up to date I have been looking around to see what I could do for you regarding the supply of scrap. Up to date I did not succeed; therefore I cannot sign the contract, but will let you know about four or five days the best I can do.

"Hoping to be satisfactory, I remain,

" Yours truly,

"ISAAC APPLEBAUM."

Some further correspondence was had between the parties, — plaintiff insisting that a contract existed, and demanding its fulfillment; defendant refusing to recognize any contract as existing.

The direction of the circuit judge was right. Assuming, as is contended by plaintiff, that defendant's letter of January 28th amounted to an acceptance of plaintiff's offer, if modified so as to admit of delivery beginning April 1, 1899, plaintiff's reply proposition, providing for a delivery ending April 1, 1900, involved an extension of three months beyond the period named in the original proposition, and gives the plaintiff the right to require the delivery of scrap iron during these three months. This makes a different contract than that at first proposed, and such a proposition amounts to a refusal to accept the proposition of defendant made in his letter of January 28th. The question is ruled by *Minneapolis, etc., R. Co.* v. *Columbus Rolling-Mill Co.*, 119 U. S. 149 (7 Sup. Ct. 168). See, also, *Wilkin Manfg. Co.* v. *H. M. Loud & Sons Lumber Co.*, 94 Mich. 158 (53 N. W. 1045), and cases cited.

The judgment is affirmed.

The other Justices concurred.