E. C. GREEN et al. v. A. F. MESSICK GROCERY COMPANY.

(Filed 17 November, 1910.)

1. Contracts—Offer—Acceptance.

Until an acceptance is made according to the terms and conditions of an offer to lease lands, the negotiation is open and no obligations are imposed.

2. Same—Interpretation of Contract.

The written correspondence between the parties relating to the leasing of certain hotel property being interpreted and held not to constitute a completed contract in an action to recover $400 deposited as for money had and received, *held,* (1) the defendant having failed to confirm by wire the plaintiff's offer contained in the letter enclosing the $400 security money, the plaintiff had the right to withdraw the offer and recover back the money with interest; (2) the defendants could not recover on their counterclaim for damages; (3) there being no contract, plaintiff could not recover damages for the breach of one.

GREEN *v.* GROCERY COMPANY.

APPEAL from *Long, J.,* at the February Term, 1910, of FOR-
SYTH.

Civil action to recover for money had and received and dam-
ages for fraudulent representations.

These issues were submitted to the jury:

1. Did the defendant make the fraudulent representation, as
alleged in the complaint, and with the intent to procure money
from the plaintiffs without adequate returns, and thereby obtain
four hundred dollars ($400) from the plaintiffs and cause them ·
to incur the expenses, as alleged, in the complaint? Answer:
No.

2. What amount, if anything, are the plaintiffs entitled to re-
cover of the defendant? Answer: Nothing.

3. Are the plaintiffs indebted to the defendant for any bal-
ance due on the rents of the hotel, as alleged in the answer, and
if so, in what sum? Answer: Two hundred and seventy-five
($275). The plaintiffs moved for new trial. Motion over-
ruled—plaintiffs excepted. From the judgment rendered the
plaintiffs appealed.

*Louis M. Swink* for plaintiffs.
*Watson, Buxton & Watson* for defendant.

BROWN, J. The plaintiffs seek to recover of the defendants
the sum of $400, as money had and received and remitted to
defendant on account of certain negotiations between plaintiffs
and defendant in regard to renting a hotel.

It appears that defendant owned the Hotel Forsyth in Win-
ston-Salem and advertised it for rent. The advertisement was
answered by plaintiffs who resided in St. Louis, and what con-
tract, if any was entered into, is embodied in the written cor-
respondence between the parties.

It is claimed by plaintiffs that there was no completed con-
tract between them and defendant, and secondly, that if there
was the plaintiffs were induced to enter into it by the false
representations of the defendant. The court instructed the jury
in his charge that the correspondence constituted a contract of

rental for the period of twelve months, at the rate of $200 per month.　This is assigned as error.

If the plaintiffs are right in their contention that there is no completed contract made out by the correspondence, then all other questions are eliminated and the plaintiffs would be entitled to recover the four hundred dollars only remitted to defendant as money had and received to their use.

The correspondence set out in the record embraces first, letter 2 January, 1909, defendant to plaintiff, describing the hotel and offering it at $200 per month for twelve months.　Second, letter from plaintiffs to defendant dated St. Louis 23 January, 1909, asking for further data.　Third, letter from defendant to plaintiffs 26 January, giving further data and suggesting that plaintiff send on $400 to confirm trade with further statement that "in case we shall have closed before receiving your wire then you could have it wired back; otherwise we will confirm by wire."　Fourth, telegram:

ST. LOUIS, Mo., 29 Jan., 1909.

A. F. MESSICK,

　Winston-Salem, N. C.

Letter received after banking hours; will wire money order tomorrow.　　　　　　　　　　　　　　E. C. GREENE.


Fifth, telegram:

WINSTON-SALEM, N. C., 30 Jan., 1909.

E. C. GREENE,

　Care Wellington Hotel,

　　St. Louis, Mo.

Holding Hotel Forsyth for your order, as per wire of yesterday.　　　　　　　　　　　　A. F. MESSICK GROCERY CO.


Sixth, telegram:

ST. LOUIS, Mo., 30 Jan., 1909.

A. F. MESSICK,

　Winston-Salem, N. C.

Mailed draft today; could not telegraph order; blizzard; letter explains.　　　　　　　　　　　　　E. C. GREENE.

Seventh, letter written in pursuance of last telegram:

ST. LOUIS, Mo., 30 Jan., 1909.

A. F. MESSICK,

Winston-Salem, N. C.

DEAR SIR: When it came to wiring you $400 this morning, every telegraph wire leading out of St. Louis was down. We are in the midst of the worst blizzard this country ever witnessed. Wires down, railroads blocked with snow, wind blowing a gale 70 miles an hour. So, had to use my best judgment in the matter, thought this the wisest course to pursue. The $400 enclosed is the advance payment for the first two months, rent to Hotel Forsyth fully furnished in every department. From the date taking possession. On receipt of draft wire me care Wellington Hotel, St. Louis, confirming deal. Will start for Winston-Salem at once. Trusting, under the circumstances, this is satisfactory to you.

Yours truly,

E. C. GREENE,

Care The Wellington.

The plaintiffs received no telegram confirming the deal, and it is not contended that any was ever sent. They waited in St. Louis until 2 February, and receiving no confirmation by wire they left for Winston-Salem, arriving there on 4 February, and went to Hotel Forsyth at midnight. The following day plaintiffs demanded the $400.

Nothing was said or done in Winston-Salem by plaintiffs to ratify the deal or to waive their rights from failure of defendant to confirm by wire as directed in the letter of 30 January, as well as agreed to in defendant's letter No. 3 of 26 January.

The plaintiffs had a right to demand such confirmation and in the manner required by their letter containing the remittance.

Until such confirmation was sent by wire there was no completed contract and plaintiffs had a right to demand their money back when they arrived at Winston-Salem.

As is said by the Supreme Court of the United States in *Eliason v. Henshaw,* 17 U. S., 228: "It is an undeniable prin-

ciple of the law of contracts, that an offer of a bargain by one person to another, imposes no obligation upon the former, until it is accepted by the latter, according to the terms in which the offer was made. Any qualification. of, or departure from those terms invalidates the offer, unless the same be agreed to by the person who made it. Until the terms of the agreement have received the assent of both parties, the negotiation is open, and imposes no obligation upon either." Clark on Contracts, p. 36-39; *Cozart v. Herndon,* 114 N. C., 252; 1 Wharton on Cont., 4; *Gregory v. Bullock,* 120 N. C., p. 263; 7 Am. & Eng., p. 138. We are of opinion his Honor erred in charging the jury as set out hereinbefore and that the exception is well taken.

He should have submitted the issues tendered by the plaintiffs and have instructed the jury that there being no evidence that the defendant had accepted and confirmed by wire the proposal to lease, as required by the letter of 30 January transmitting the $400, the plaintiffs had a right to withdraw and to recover that sum and interest thereon as money had and received to their use, and that defendants were not entitled to recover on the counterclaim.

There being no contract of course plaintiffs can recover no damages for its breach.

New trial.