## E. C. GREENE AND J. G. KAHL v. A. F. MESICK GROCERY COMPANY.

(Filed 1 May, 1912.)

1. **Contracts, Written — Offer — Acceptance—Telegram—Parol Evidence—Best Evidence Rule.**

    The acceptance of a proposition for the rental of a hotel being by telegram, testimony as to the contents of the telegram, being a part of the contract relied on, comes under the best evidence rule forbidding the reception of parol testimony until the loss of the writing has been satisfactorily established.

2. **Same—Evidence of Loss.**

    The contract sued on being in part an acceptance by telegram of an offer to rent a hotel contained in a letter, there was testimony tending to show that, under the rules of the telegraph company handling the message, it was sent to Richmond, having remained in the local office six months; that the party relying on the telegram applied at the company's Richmond office, made inquiry there, and failed to procure it. In the absence of evidence tending to show that search had been made by the company's agent at the Richmond office: *Held*, the loss of the message had not been sufficiently established to admit of showing its contents by parol evidence.

3. **Same—Beyond the State.**

    When under the best evidence rule, necessity for proper and diligent search has been shown, parties charged with such duty are not relieved by the fact that the present and proper placing of the writing is beyond the limits of the State, provided it is accessible and otherwise reasonably attainable.

APPEAL from *Daniels, J.,* at February Term, 1912, of FORSYTH.

Civil action to recover $400 claimed to be due and owing from defendant to plaintiff. There was verdict for plaintiff, judgment on the verdict, and defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*Louis M. Swink for plaintiffs.*
*Watson, Buxton & Watson for defendant.*

HOKE, J. This was an action to recover $400 as money had and received to plaintiff's use, and was before this Court on a former appeal, 153 N. C., 409. From a perusal of that case it will appear that the right of plaintiffs to recover was properly made to depend on whether defendant company, resident at Winston, N. C., had sent a telegram to plaintiff at St. Louis, Mo., accepting a proposal of plaintiffs to rent a hotel from defendant on terms contained in a letter from plaintiffs to defendant company.

On the present trial defendant testified that, on receipt of plaintiff's letter, containing the proposal, he had gone to Western Union office and sent a telegram, the message having been written and left with the company for transmission. In reference to this message and its contents, it appeared that at the time of this occurrence written messages, the kind in question, were kept at the local office in Winston for six months and were then either destroyed or sent to Richmond, Va., the headquarters of the company for this division; that defendant had applied to the office at Winston and failed to get the message and had then gone to Richmond, Va., and made inquiry and failed to procure it there, having applied for it at company's offices. On this testimony, the court being of the opinion that the loss of the written message had not been satisfactorily established, declined to allow witness to give the contents of the message to the jury, and defendant excepted. It was urged by plaintiff that this ruling of his Honor should be sustained, for the reason that the contents of the supposed message was nowhere sufficiently disclosed to render its exclusion a material circumstance; but, conceding that it is otherwise, we are of opinion that the ruling of the court must be upheld for the reason given by his Honor, that the loss of the message has not been shown so as to permit parol evidence of its contents. As heretofore stated, the contents of the telegram were a material part of the contract, directly involved in the issue, and, it having been admitted that the one referred to was originally in writing and accessible if in existence, these contents came within what is known and frequently referred to as the "best evidence" rule, forbidding the reception of parol testimony until the loss of

the writing has been satisfactorily established. It is held with us that the operation of this rule is not necessarily affected by the fact that the proper custody of the written paper is no longer within the jurisdiction of the court. We find no testimony showing that search had been made for the written message at Richmond, Va., by the officer or agent of the company having such papers in his care, and, on the facts in evidence, the decision of his Honor on the question presented is fully supported by authority here and elsewhere. *Avery v. Stewart,* 134 N. C., 287; *Blair v. Brown,* 116 N. C., 631; *Justice v. Luther,* 94 N. C., 793-797.

This judgment in plaintiffs' favor is therefore affirmed.

No error.