M. BUCHANAN v. E. C. HEDDEN AND SARAH C. HEDDEN.

(Filed 24 May, 1915.)

**1. Judgments—Title to Lands—Estoppel.**

Where in an action for the recovery of land both parties claim from the same person, H., a judgment rendered in favor of plaintiff against H., involving the title to the *locus in quo*, established at least a *prima facie* title in plaintiff's favor, and will estop the defendant from asserting his title as purchaser acquired at a foreclosure sale under a mortgage subsequently executed.

**2. Deeds and Conveyances—Defective Registration—Title—Connecting Links —Evidence.**

A power of attorney executed in another State, not passed upon by the clerk of the court, but placed upon the registration books without his authority or order, is improperly registered (Revisal, sec. 999), and affords no evidence of title in an action to recover lands when relied upon by a party as a connecting link in his chain of title, for the statute requires that deeds or other instruments shall be properly probated by the clerk to authorize registration.

**3. Deeds and Conveyances — Same Source of Title — Color — Limitation of Actions.**

An unregistered deed is not color of title when the parties to an action for the recovery of land are claiming under the same source.

**4. Judgments—Title to Lands—Deeds and Conveyances—Estoppel.**

A judgment in an action involving the title to land has the force and effect of a deed so as to become a connecting link in the chain of title of the successful party and those claiming under him, and estops the adverse party and his privies.

APPEAL by defendants from *Justice, J.,* at October Term, 1914, of JACKSON.

*Coleman C. Cowan and Manning & Kitchin for plaintiff.*
*J. Frank Ray and H. G. Robertson for defendants.*

WALKER, J. This is a civil action for the recovery of 640 acres of land. Plaintiff introduced evidence of a grant, No. 144, from the State,

for the land in dispute, to J. F. Foster, and mesne conveyances showing that W. N. Hedden had acquired the title so granted. He then showed a judgment of the Superior Court of Jackson County, rendered in a civil action, wherein he was plaintiff and W. N. Hedden was defendant, at Spring Term, 1897, involving title to the land described in Grant No. 144, by which it was adjudged that the said W. N. Hedden was not the owner of the said land, but that the plaintiff was the owner thereof, and that a writ of possession issue to put him in possession of the same. This established that the title was in the plaintiff to this suit, so far as the parties thereto are concerned, and at least *prima facie*. *Mobley v. Griffin,* 104 N. C., 112; *Campbell v. Everhardt,* 139 N. C., 503. The defendants assert title to the land under a mortgage made by W. N. Hedden to Frank B. Mayer, a power of attorney of Frank B. Mayer to E. C. Hedden, authorizing him to sell the land under a power contained in the mortgage, a sale thereunder, and a deed by E. C. Hedden, in his own name, to Sarah C. Hedden, one of the defendants. The power of attorney, which was offered in evidence, had been acknowledged in Maryland before George Wells, clerk of the Circuit Court of Anne Arundel County, by Frank B. Mayer, who executed the letter of attorney, and a certificate of said clerk was annexed, but it was never passed upon by the clerk of the Superior Court of Jackson County, N. C., and was placed on the registry of that county without, as appears, his authority or order. The deed, therefore, was not properly registered (Revisal, sec. 999; *Lumber Co. v. Branch,* 158 N. C., 251), and was not, therefore, evidence. "Until a deed is proved in the manner prescribed by the statute, the public register has no authority to put it on his book; the probate is his warrant, and his only warrant, for doing so." *Todd v. Outlaw,* 79 N. C., 235; *Duke v. Markham,* 105 N. C., 138; *Williams v. Griffin,* 49 N. C., 31; *Burnett v. Thompson,* 48 N. C., 113; *Lambert v. Lambert,* 33 N. C., 162; *Carrier v. Hampton, ibid.,* 307. The court properly excluded the power of attorney, upon objection by the plaintiff. The deed from E. C. Hedden was not properly executed by him as attorney, and, besides, was never probated, so as to authorize its registration and introduction as evidence. Proof before a justice of the peace was not sufficient for this purpose, as it is required by the statute that the clerk of the Superior Court shall pass upon his certificate and order the deed to registration. Nothing of this kind was done. The law requires that the deed, or other instrument, shall be properly probated "before the same shall be registered." Revisal, sec. 999. The originals of the power of attorney and the deed were not produced, and we are not, therefore, informed as to whether they would show sufficient certificates of probate, or that the radical defects appearing upon the registry were mere misprisions of the register of deeds. *Strain v. Fitzgerald,* 130

N. C., 600; *Patterson v. Galliher,* 122 N. C., 511; *Heath v. Cotton Mills,* 115 N. C., 202. It may be seriously questioned whether proper search was made for the originals. *Greene v. Grocery Co.,* 159 N. C., 119; *Blair v. Brown,* 116 N. C., 631. No proof of their contents was made which is sufficient to cure the defects, if curable in that way. The defendants did not contend that they had been in adverse possession long enough to ripen their title without color, and as the deed under which they claimed title was not registered, and as both parties derived title from the same source, there was no color of title. *Janney v. Robbins,* 141 N. C., 406; *Gore v. McPherson,* 161 N. C., 638; *King v. McRackan,* 168 N. C., 621.

The plaintiff, we have said, had shown title to the land, at least *prima facie.* The defendant contends, though, that the judgment was not properly a connecting link in his title; but we have held that it is, and that it has the force and effect of a deed. *Finch v. Finch,* 131 N. C., 271; *Webb v. Den,* 17 How., 577; 23 Cyc., 1287, and note 42; *Keenan v. Comrs., post,* 253. As W. N. Hedden was a party to the civil action, in which the judgment was rendered, he and his privies are estopped by the judgment. *LeRoy v. Steamboat Co.,* 165 N. C., 109; *Cavenaugh v. Jarman,* 64 N. C., 372. The case of *Burns v. Stewart,* 162 N. C., 360, is more in point upon both propositions. It decides that such a judgment has the legal effect of a deed, and, therefore, of necessity, is sufficient to constitute a link in the chain of title, and, besides, that as to parties and privies it operates as an estoppel and passes the title to the successful party to the suit in which the judgment was rendered. We there said: "The effect of the judgment was to pass any title in the land, which the other parties may have had, to Stewart—at least by estoppel." And further: "The judgment in the suit of Stewart against Calloway and others vested the title in Stewart as much so as if the other parties had been required to execute deeds to him for the land. It is a solemn adjudication, after trial and investigation, that the true title is in him."

On a careful review of the whole case, we are satisfied that there was no error in the trial below.

No error.