### GEORGE W. GOLDING v. FOSTER & CAVINESS.

(Filed 24 September, 1924.)

**Contracts—Vendor and Purchaser—Conditional Acceptance of Order of Purchase—Carriers.**

> An offer to buy does not become a contract unless unconditionally accepted, or, when the acceptance is upon condition, until this condition is accepted by the proposed purchaser; and where a carload of potatoes has been ordered by telegraph to be shipped that day, but were shipped several days thereafter without further agreement, the proposed purchaser may refuse to receive it from the common carrier, and no contractual liability will attach to him.

APPEAL by defendants from *Daniels, J.,* at June Term, 1924, of CARTERET.

Civil action to recover the price of a carload of potatoes.

Upon denial of liability and issues joined, there was a verdict and judgment in favor of plaintiff. Defendants appeal, assigning errors.

*C. R. Wheatley for plaintiff.*
*Graham W. Duncan for defendants.*

STACY, J. Plaintiff, a resident of Carteret County, brings this action against Foster & Caviness, partners, doing business in the city of Greensboro, N. C., to recover the value of 150 barrels of sweet potatoes shipped by plaintiff to defendants on 10 February, 1923.

After exchanging telegrams relative to the price of Porto Rico potatoes for prompt shipment, the defendants, on 2 February, sent the plaintiff the following message: "Ship hundred fifty barrels Porto Ricos today. Wire car number." In reply to this order, plaintiff answered on the same day: "Will ship Monday." The potatoes were not shipped on Monday, 5 February. Whereupon defendants wired plaintiff, on Wednesday, 7 February, as follows: "When are you going to ship potatoes? Booked shipment. Answer quick." Plaintiff did not answer this telegram, but shipped the potatoes on 10 February, three

days thereafter. Defendants declined to accept the potatoes, when notified of their arrival by the railroad company on 14 February, because not shipped according to instructions and as they were compelled to go upon the market and purchase other potatoes to supply their trade.

In explanation of why he failed to answer defendants' telegram of 7 February, plaintiff said he had written a letter on Tuesday, 6 February, advising defendants that he was unable to ship on account of weather conditions. There was evidence on behalf of the defendants that they never received this letter. Plaintiff also testified that he wired defendants on Saturday, 10 February, at time of shipment, giving car number, as requested, but receipt of this message was denied by defendants.

Assuming the jury found that plaintiff's letter of 6 February was received by the defendants, there is nothing on the record to show its contents, other than stated above, and such was not sufficient to relieve the plaintiff from the necessity of answering defendants' telegram of 7 February. No binding contract had been made prior to that time (13 C. J., 281), and the defendants' message, in terms, called for "answer quick." Nor would plaintiff's telegram of 10 February suffice, even if sent and delivered, which is denied. *Leffel v. Hall,* 168 N. C., 407.

Defendants' order of 2 February was for 150 barrels of potatoes, to be shipped that day. Plaintiff's reply that he would ship on the following Monday, three days later, amounted to a refusal to accept the offer as made, and constituted a counter-proposal to ship at a later date. *Wilson v. Lumber Co.,* 180 N. C., 271; *U. S. Heater Co. v. Applebaum,* 126 Mich., 296. There was no acceptance of this counter-proposal, unless the defendants' silence could be taken as equivalent to assent. *May v. Menzies,* 184 N. C., 150. But even if this be true, the plaintiff failed to ship according to his own offer. The defendants' telegram of 7 February called for an immediate answer, and there is nothing on the record to justify plaintiff's delay in this respect. 6 R. C. L., 614. The minds of the parties never met, and no binding contract has been established upon which plaintiff may recover.

Speaking to a similar situation, in *Cozart v. Herndon,* 114 N. C., 252, *Shepherd, C. J.,* said: "It is well settled that in order to constitute a contract there must be 'a proposal squarely assented to.' If the proposal be assented to with a qualification, then the qualification must go back to the proposer for his adoption, amendment or rejection. If the acceptance be not unqualified, or go to the actual thing proposed, then there is no binding contract. A proposal to accept, or acceptance based upon terms varying from those offered, is a rejection of the offer. 1 Wharton Cont., 4. 'The respondent is at liberty to accept wholly,

or reject wholly, but one of these things he must do; for if he answer, not rejecting, but proposing to accept under some modification, this is a rejection of the offer.' 1 Parson Cont., 476. 'It amounts to a counter-proposal, and this must be accepted and its acceptance communicated to the proposer; otherwise there is no contract.' Pollock Cont., 10."

And of like tenor is the language of *Mr. Justice Washington,* in *Eliason v. Henshaw,* 17 U. S., p. 228: "It is an undeniable principle of the law of contracts that an offer of a bargain by one person to another imposes no obligation upon the former until it is accepted by the latter, according to the terms in which the offer was made. Any qualification of, or departure from, those terms invalidates the offer, unless the same be agreed to by the person who made it. Until the terms of the agreement have received the assent of both parties, the negotiation is open, and imposes no obligation upon either."

The case is unlike *Crook v. Cowan,* 64 N. C., 743, the "carpet case," for there a contract had been consummated and the parties were not dealing with perishable goods to be sold to the trade, as in the instant case.

The principles of law applicable to the facts here presented are stated, with citation of authorities, in *Green v. Grocery Co.,* 153 N. C., 409; *Rucker v. Sanders,* 182 N. C., 607, and *Jeanette v. Hovey,* 184 N. C., 140. An examination of these cases, and the principles they illustrate, will suffice to show that the plaintiff here has failed to establish any enforceable contract. 23 R. C. L., 1280. Upon the record, the defendants' motion for judgment as of nonsuit should have been allowed.

Reversed.