MRS. MARY G. WOODLIEF, MRS. ETTA RAY, W. F. PERRY AND MRS. IDA C. PERRY, HIS WIFE, J. E. BLACKLEY AND MRS. META BLACKLEY, HIS WIFE, v. A. H. WOODLIEF, E. S. WOODLIEF AND MRS. ANNIE WOODLIEF, HIS WIFE, WILLIAM H. WOODLIEF AND MRS. ETTA WOODLIEF, HIS WIFE, AND E. T. WOODLIEF AND MRS. META WOODLIEF, HIS WIFE.

(Filed 1 December, 1926.)

1. **Deeds and Conveyances—Probate—Justices of the Peace—Clerks of Court—Certificate for Registration—Statutes.**

Where a justice of the peace has properly and in due form taken the acknowledgment of the grantor and his wife to a deed to lands, and the clerk of the court has failed or omitted to sign his name to the certificate for registration, the registration of the instrument is no evidence

that the clerk or his deputy has complied with the provisions of 3 C. S., 3305, requiring the clerk, etc., to adjudicate the sufficiency of the certificate of the justice of the peace, or permit a copy of such deed to be used in evidence under the provisions of C. S., 1763. The curative statutes, 3331; 3 C. S., 3366 (a), (b), (c), (d), have no application.

2. **Statutes—Interpretation—Clerks of Court—Certificates—Deeds and Conveyances.**

   The requirements of 3 C. S., 3305, that the clerk of the court shall pass upon the sufficiency of the probate of a deed, is mandatory and not directory.

APPEAL by plaintiffs from *Devin, J.,* and a jury, at April Term, 1926, of GRANVILLE. New trial.

*Royster & Royster and Brummitt & Taylor for plaintiffs.*
*A. W. Graham & Son for defendants.*

CLARKSON, J. (1) John G. Jones, on 14 September, 1875, conveyed to William B. Woodlief 116 acres of land. (2) William and Frances Harp conveyed to said Woodlief 65 acres of land and also 10 acres of land, under separate deeds. All the deeds were duly recorded in Granville County where the land was situate. Only the *116 acres of land* is involved in the controversy.

It was shown in evidence by plaintiffs that Mary G. Woodlief, wife of William B. Woodlief, was dead and their children, the only heirs at law of William B. Woodlief, were plaintiffs and defendants (husbands and wives made parties). (1) A. H. Woodlief, (2) W. H. Woodlief, (3) E. T. Woodlief, (4) E. S. Woodlief, (5) Etta Ray (her husband is dead), (6) Ida C. Perry, (7) Meta Blackley. The deed from John G. Jones to William B. Woodlief for the 116 acres of land was introduced in evidence and testimony as to who were the heirs of said Woodlief without objection. The plaintiffs rested.

The defendant then introduced a deed dated 25 August, 1913, from William B. Woodlief and wife M. G. Woodlief, to Bill Woodlief (W. H.) and Elijah Woodlief (E. S.) for the 116 acres of land. The plaintiffs objected, the objection was overruled and this is practically the only assignment of error on appeal here.

The court below charged the jury in accordance with his ruling that the deed was properly recorded. It appears that the deed was in all respects sufficient in form and substance to pass the title in fee simple and signed by W. B. Woodlief and wife, M. G. Woodlief. It was duly acknowledged before a justice of the peace with the wife's privy examination.

The following appears on the deed:

"North Carolina—Granville County.

"The foregoing certificate of J. W. Whitfield, a J. P., of Granville County, is adjudged to be correct and sufficient. Let the instrument, with the certificates, be registered.

"Witness my hand and official seal, this .. ...... day of . ............, 19...... ..

.......... .. ................ . .. .. ... .. ...

"Clerk Superior Court.

Filed for registration at 2:25 o'clock p.m., 15 November, 1913, and duly registered.

"J. ·B. POWELL, Register of Deeds." .

3 C. S., 3305, is as follows: "When the proof or acknowledgment of the execution of any instrument, required or permitted by law to be registered, is had before any other official than the clerk or deputy clerk of the Superior Court of the county in which such instrument is offered for registration, the clerk or deputy clerk of the Superior Court of the county in which the instrument is offered for registration shall, before the same is registered, examine the certificate or certificates of proof or acknowledgment appearing upon the instrument, and if it appears that the instrument has been duly proved or acknowledged and the certificate or certificates to that effect are in due form, he shall so adjudge, and shall order the instrument to be registered, together with the certificates. If the clerk of the Superior Court is a party to or interested in such instrument such adjudication and order of registration shall be made by his deputy or by the clerk of the Superior Court of some other county of this State or by some justice of the Supreme Court of this State or some judge of the Superior Court of this State. The acknowledgment of such instruments may also be made before a justice of the peace of said county, and the adjudication of the sufficiency of the certificate of said justice may be made by said clerk or his deputy: *Provided,* that nothing contained herein shall prevent the clerk of the Superior Court, who is a stockholder or officer of any bank or other corporation, from adjudicating and ordering such instruments for registration, as have been acknowledged or proven before some justice of the peace or notary public. All probates made prior to 8 March, 1921, by any such clerk of conveyances or other papers by any corporation in which such clerk was an officer or stockholder are hereby validated and declared sufficient for all such purposes."

The only questions involved (1) Is the failure of the clerk to sign his name fatal and makes the registration a nullity? (2) Has this been cured by statute? *Heath v. Lane,* 176 N. C., 119, is not applicable.

It will be noted that the acknowledgment was taken by a justice of the peace in Granville County, where the land was situate. C. S., 3293 mentions the officials of the State who may take proof or acknowledgment of the execution of deeds, etc., "and the several justices of the peace." C. S., 3296—By justice of peace of other than registering county: "The certificate of proof or acknowledgment made by such justices of the peace shall be accompanied by the certificate of the clerk of the Superior Court of the county in which said justice of the peace resides, that such justice of the peace was at the time his certificate bears date an acting justice of the peace of such county, and that such justice's genuine signature is set to his certificate. The certificate of the clerk of the Superior Court herein provided for shall be under his hand and official seal."

3 C. S., 3305, *supra,* speaking in reference to the county in which the land is situate: "The acknowledgment of such instruments may also be made before a justice of the peace of said county, and the adjudication of the sufficiency of the certificate of said justice may be made by said clerk or his deputy." This is read in connection with what is prior said in 3305, *supra:* "shall, before the same is registered examine the certificate or certificates of proof or acknowledgment appearing upon the instrument, and if it appears that the instrument has been duly proved or acknowledged and the certificate or certificates to that effect are in due form, he shall so adjudge, and shall order the instrument to be registered, together with the certificates."

The clerk or his deputy *shall, before the same is registered examine the certificate,* etc., *shall so adjudge, and shall order the instrument to be registered,* but this was not done by the clerk. By frequent use of "shall" we think this mandatory and the registration a nullity, but the deed although unregistered on account of the defect, if actually executed without fraud or mistake, is valid between the parties and as to all others except purchasers for value and creditors. *King v. McRacken,* 168 N. C., 621. The language is imperative and not merely directory— otherwise an acknowledgment before a justice of the peace under the facts here can be recorded by the register of deeds, and this we think would nullify the plain provisions of the statute.

C. S., 1763, provides that certified copies of registered instruments, such as deeds, etc., in certain cases are evidence. In *Ratcliff v. Ratcliff,* 131 N. C., p. 425, it is held the record of a registered deed competent evidence without producing original, where no rule of court for production of original issued. It is at least prima facie evidence. If the instrument is not properly admitted to probate and registration, a copy of the record is not sufficient evidence. *Buchanan v. Hedden,* 169 N. C., 222. In that case it is further held: "The deed from, E. C.

Hedden was not properly executed by him as attorney, and, besides, was never probated, so as to authorize its registration and introduction as evidence. Proof before a justice of the peace was not sufficient for this purpose, as it is required by statute that the clerk of the Superior Court shall pass upon his certificate and order the deed to registration. Nothing of this kind was done. The law requires that the deed or other instrument, shall be properly probated 'before the same shall be registered.' Revisal, sec. 999." (C. S., 3305, *supra.*) The deed as recorded, or copy of the deed from the registration book, on account of the defective probate and registration, was not evidence, and the court below was in error in admitting it.

Has this been cured by statute? We think not.

We have carefully examined C. S., 3331. Also 3 C. S., 3366(a), taken from Public Laws 1921, ch. 15, sec. 1. Also 3 C. S., 3366(b), (c), (d), taken from Public Laws 1921, ch. 19, secs. 1, 2, 3 and 4. We have compared 3 C. S., 3366(b), (c) and (d) with Public Laws 1921, ch. 19, secs. 1, 2, 3 and 4. We do not think that the requirements of C. S., 3305 have been cured and the above curative statutes have no application to the facts in the present action.

Chapter 86, Public Laws 1923, or chapter 99, Public Laws 1925, do not affect the position here taken.

In *Rogers v. Bell,* 156 N. C., at p. 386, this Court, speaking to the question involved, says: "It is also held that where laws have been codified, and in case of ambiguity or doubt, permitting construction, it is allowed that the court may examine the original legislation, as an aid to a correct interpretation. Lewis' Sutherland, sec. 450."

For the reasons given, there must be a

New trial.