Pearson, C. J.
 

 We concur with his Honor that trespass,
 
 quare clausum fregit,
 
 is the proper form of action. But we do not think the evidence makes a case where the jury are at liberty give vindictive damages. We can see no evidence of personal indignity offered to the plaintiff or of “insult or oppression,” other than such as ordinarily occurs when two men differ as to their right to a piece of land, and one, in the confident belief that itis his property, takes possession in the presence of the other, and contrary to his remonstrance, and is determined to assert his right of property at the risk of the
 
 *274
 
 consequences. That the defendant had some ground to believe that the land belonged to him, is apparent from the fact, that the question of title depended upon the construction of a deed which was decided in his favor in the Court below, although otherwise held in this Court, on the ground, that the reservation gave to the defendant only a right of way, as distinguished from a right of property in the soil;
 
 Hays
 
 v.
 
 Askew, 5
 
 Jones’ Rep. 63.
 

 And that he actually believed the land belonged to him, is apparent from the fact that he built a house on it, which, if it turned out that the land belonged to the plaintiff, would pass with it, so that he might use or otherwise dispose of it, without paying any thing for it.
 

 As the defendant, after his entry, retained the possession of the house, and the land on which it stood, the plaintiff was only entitled to recover for the
 
 original entry,
 
 and could not allege a trespass with a continuendo from day to day, until he had regained the possession, so as to' have the benefit of
 
 the jus postlimininii.
 
 There is error.
 

 Per Curiam,
 

 Judgment reversed and a
 
 veni/re de novo.