FINCH v. FINCH.

(Filed November 18, 1902.)

1. EVIDENCE—*Judgment Roll—Record—Title—Ejectment.*

A judgment roll in an action in which a deed to a son of one defendant was set aside as a fraud on creditors is competent evidence in a subsequent action of ejectment by the same plaintiff to complete his chain of title, though one defendant in the ejectment suit was not a party to the former action.

2. EJECTMENT—*Burden of Proof—Deeds.*

In ejectment, the plaintiff claiming that the deed was from the common source to a son, and the defendant claiming that it was from the common source to the wife, the burden of proof is on plaintiff to show that it was made to the son, and if the jury so find, they should find that it was not made to the wife.

3. EJECTMENT—*Evidence—Deeds—Sheriff's Deed.*

In ejectment a deed of a sheriff executed in pursuance of a sale under an execution against a person not claimed by either party to have had title, is not admissible in evidence.

4. ESTOPPEL—*Evidence—Judgments—Instructions.*

Where the wife of a defendant was not a party to a suit to have a deed to a son of defendant set aside as ɔ fraud on creditors, in a subsequent action of ejectment, in which she is a defendant, it is proper to instruct that she was not "bound" by the judgment in the first suit.

ACTION by S. J. Finch against J. W. Finch and others, heard by Judge *Thos. J. Shaw* and a jury, at April Term, 1902, of the Superior Court of DAVIDSON County. From a judgment for the plaintiff, the defendants appealed.

*Emery E. Raper,* for the plaintiff.
*Long & Nicholson,* and *Walser & Walser,* for the defendants.

FURCHES, C. J.   This is an action of ejectment, in which

S. J. Finch is plaintiff and J. W. Finch, E. Lee Finch, B. H. Finch, Joshua Copple and Samuel Copple are defendants. The plaintiff claims his title under a deed from a commissioner appointed by order of Court to sell the land, in an action in which S. J. Finch and E. J. Finch were plaintiffs, and J. W. Finch, B. H. Finch and H. F. Warren were defendants.

The defendant E. Lee Finch is the wife of J. W. Finch, and answers and denies the plaintiff's title, and claims that she is the owner of the land.

The plaintiff claims that the land was once owned by Alvira Copple, wife of Joshua Copple, and that J. W. Finch bought it from the Copples, and had the deed made to his minor son, B. H. Copple, for the purpose of defrauding his creditors, and, for that purpose, did not probate and register the deed from the Copples; that S. J. Finch and E. J. Finch, being creditors of J. W. Finch, brought suit in the Superior Court of Davidson against said J. W. Finch, B. H. Finch and H. F. Warren, alleging said fraud, and asking that said land be sold to pay their debt. And in that action it was found that the land was bought by J. W. Finch, the deed made to B. H. Finch in fraud of the creditors of the said J. W. Finch, and a sale was ordered, at which the plaintiff bought.

The defendant E. Lee Finch denied that the deed from the Copples was made to B. H. Finch, and alleged that it was made to her, and that she was the owner of the land, but that said deed had never been registered and was lost. She also alleged that at an execution sale the said land was sold as her husband's land, and that she bought the same at said sale, and claimed also to hold under that deed. And on the trial she offered in evidence the judgment and execution against J. W. Finch, and a Sheriff's deed in pursuance of a sale under said judgment and execution.

It was admitted that both sides claimed under the Copples, as a common source, and the question was, who had the Copple title? On the trial, the plaintiff offered in evidence his deed from the commissioner, who sold under order of Court. He then offered in evidence the judgment roll containing the order of sale, in the action of S. J. Finch and E. J. Finch against the defendants J. W. Finch, B. H. Finch and H. F. Warren, and the defendants objected, the objection was overruled and the defendants excepted. This exception can not be sustained, as this record and judgment were competent evidence, and an estoppel as to the defendants J. W. Finch and B. H. Finch, and a link in the chain of the plaintiff's title from him to the common source—the Copples. It was the same in effect as if he had offered a deed from the Copples to the defendant J. W. Finch, for the purpose of connecting his title with the Copples—it was one of the links in his chain of title.

The Court submitted the following issues:

1. Was the deed from Joshua Copple and Alvira for the land in controversy executed to B. H. Finch?

2. Was the deed from said Copple and wife for said land executed to Mrs. E. Lee Finch?

3. Is the plaintiff the owner and entitled to the possession of the land described in the complaint?

The Judge, among other things not excepted to, charged the jury that the burden of showing that the deed from the Copples to B. H. Finch was on the plaintiff, and if they so found they should answer the first issue "Yes," and the third issue "Yes." To this the defendants excepted. But we see no error.

The Court further charged the jury that the burden was on the defendants to show, by a preponderance of evidence, that the deed from the Copples was made to the *feme* defendant, E. Lee Finch, and if the jury answered the first issue

"Yes," they should answer the second issue "No"; but if they answered the first issue "No," and the second issue "Yes," they should answer the third issue "No," and the defendants again excepted. But we see no error in this instruction, except a repetition of what he had just charged.

The Court further charged that the jury should not consider the Sheriff's deed offered in evidence by the defendants, and the defendants again excepted. And we see no error in this instruction, for the reason that she acquired no title under that deed, unless the defendant J. W. Finch had title. And if the contentions of the plaintiff were true, he had none, and this is equally so if the contentions of the defendant E. L. Finch were true; and there had been no evidence offered tending to show that J. W. Finch ever had any title to the land.

The Court also charged the jury that the defendant E. L. Finch, not having been a party to the action of S. J. Finch and E. J. Finch against J. W. Finch, B. H. Finch and H. F. Warren, she was not "bound" by that judgment. We think the word "estopped" would have been better, but we do not think the jury were misled or that this affected the verdict. The jury answered the first issue "Yes," the second issue "No," and the third issue "Yes," and judgment being signed for the plaintiff, the defendants appealed.

We have examined the record with care, and finding no substantial error, the judgment is

Affirmed.