R. J. SOUTHERLAND v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 14 October, 1908.)

**Judgment—Res Adjudicata—Evidence.**

A judgment of a court of competent jurisdiction, including an adjudication of a fact controverted in a subsequent action, is perfect evidence of its own validity, and the fact so determined is *res adjudicata*. Therefore, when judgment has been rendered for damages for the loss of freight in an action against a carrier, the carrier cannot, in a subsequent suit brought to recover a statutory penalty for delay in settlement for the lost freight, introduce evidence tending to show that it had never in fact received the goods, as that issue was necessarily covered by the former judgment.

ACTION heard by *Guion, J.,* upon facts agreed, at June Term, 1908, of WAYNE, brought to recover of the defendant a penalty of $50 for failure to settle a claim within sixty days, under Revisal, sec. 2634.

The facts agreed are as follows: A package of freight shipped from a station of the Southern Railway, within the State of North Carolina, to Mount Olive, in said State, which is situate on the Atlantic Coast Line Railroad, was lost. Claim therefor was filed with the agent of the Atlantic Coast

Line Railroad Company at Mount Olive, and was not paid within the sixty days prescribed by the statute (section 2634 of the Revisal).

An action was brought in due time for the recovery of the value of the property against the Atlantic Coast Line Railroad Company, and judgment was rendered against said company for the value of the property, it being the exact amount of the claim filed therefor, which judgment was paid by the said railroad company. At the time of the rendition of the judgment, and at the time of the payment of the same, the defendant did not know where the loss of the property occurred, but did not inform the plaintiff that it had no such knowledge prior to the bringing of this action. Within one year from the filing of said claim this action was brought to recover the penalty of $50 against the defendant for failure to adjust and pay the claim within sixty days, and the following fact was admitted by counsel for plaintiff and defendant, subject to its competency as evidence, to be passed on by the court, to-wit: "Said freight was lost on the Southern Railway and never came into the possession of the Atlantic Coast Line Railroad Company."

The court, being of the opinion that the evidence was incompetent, refused to consider the same, and defendant excepted. Thereupon the court, upon the facts agreed, rendered judgment for the plaintiff, as set out in the record, and the defendant excepted and appealed.

*John D. Langston* for plaintiff.
*George M. Rose* for defendant.

WALKER, J., after stating the case: This undoubtedly is a hard case, when viewed with reference to the facts as they now seem to be, but in the decision of all causes we must be guided by well-established legal principles and not by our notions of what may be the general equity or justice of the particular case.

The defendant is sued for not adjusting and paying a claim for the loss of property while in its possession as a common carrier, under section 2634 of the Revisal. There had formerly been a suit between the parties, in which the present plaintiff alleged that the property had been lost by the defendant as a common carrier, which was found to be true, and the plaintiff recovered a judgment for the value of the property upon that finding of fact. That is precisely one of the issues involved in this case, the other being whether the defendant adjusted and paid the claim within sixty days, as required to do by the law, and as to the latter question there is no controversy. But the defendant contends that in this action for the recovery of the penalty it is necessary for the plaintiff to show that the property was in its possession as a common carrier, for transportation from the place of shipment to the place of its destination, at the time of the loss. This may readily be granted, and yet the plaintiff is entitled to recover. Whether the property was thus in its possession at the time of its loss was one of the very questions directly involved in the other case, and an affirmative finding upon which was absolutely essential in law to the plaintiff's recovery in that case. The doctrine of *res adjudicata* plainly must be that the decision of a court of competent jurisdiction is and ought to be a final and conclusive settlement of the questions involved in any particular controversy as to the parties concerned therein and as to any title claimed through or under those parties; so that, if a fact has been once directly tried and determined by such court, the same parties cannot properly be again allowed to contest the same matter, either in that court or in any other, and also that a judgment on such question or fact, in legal form, is perfect evidence of its own validity. Wells on Res Adjudicata, sec. 5. In *Packet Co. v. Sickles*, 5 Wall., 592, it was held that if the record of the former trial shows the verdict could not only have been rendered without deciding

the particular matter, it will be considered as having settled
that matter as to all future actions between the parties; and,
further, in cases where the record does not show that the
matter was necessarily and directly involved, evidence
*aliunde* consistent with the record may be received to prove
what question was tried and determined. It can make no
difference, in the application of the principle, that the de-
cision of the court upon the controverted fact in the former
suit was in fact erroneous. So long as the judgment in that
action remains unreversed, the finding of the court is con-
clusive as to all matters necessarily adjudicated, and cannot
be questioned in any subsequent suit between the same par-
ties, where the identical matter is presented for decision.
The rule is applicable either to an entire cause or to particu-
lar facts in issues and embraced by the former adjudication.
If it can be applied to an entire action, then it is a bar in
full; if to particular facts, it is conclusive as evidence, so
far as it goes. Wells Res Adjudicata, pp. 3-4. See, also,
*Tyler v. Capehart,* 125 N. C., 64; Bigelow on Estoppel
(5th Ed.), p. 99. "It is a well-established rule of law that
every material fact involved in an issue must be regarded as
determined by the final judgment in the action, so as not to
be a subject of trial in any subsequent proceeding between
the same parties." Bigelow, p. 97. We said in *Lumber Co.
v. Lumber Co.,* 140 N. C., at p. 442, that the test as to the
bar of a previous decision is not whether the cause of action
and relief demanded in the two actions are the same, but
whether, if they are different, the decisive question is the
same in both of them; and, further, that a judicial determina-
tion of the issue in the first action is conclusive in the sec-
ond, although the form of the latter, the precise question
presented and the relief which is sought may be different with
respect to the matters tried in the former suit.

Applying this elementary principle to the case in hand,
we find it was decided in the former case, to recover for the

loss of the goods, that they were lost by the defendant and not by the Southern Railway Company. The judgment could have been rendered upon no other finding of fact. This being so, the defendant cannot reopen, that question in this suit and have the finding reversed, but is concluded by the former adjudication. The evidence offered by the defendant, which clearly tended to contradict the former finding, was incompetent and was properly excluded. This is the only question in the case, according to the admission in the brief of defendant's counsel.

No Error.