JOHN S. MICHAUX, ADMINISTRATOR OF JEFF MILLER, v. R. G. LASSITER & COMPANY, A CORPORATION.

(Filed 21 June, 1924.)

**Employer and Employee—Master and Servant—Safe Place to Work—Negligence—Fellow Servant—Evidence—Nonsuit—Statutes.**

Where the evidence tends only to show that a contractor for the building of a highway has furnished his employee with a proper machine for mixing the concrete, driven by its own power, and while properly working it was so negligently managed by a fellow servant of the plaintiff's intestate that a part thereof fell upon the latter and caused his death; and there is no evidence tending to show negligence on the part of the employer in the selection of the fellow servant or other fault attributable to him, a judgment as of nonsuit upon defendant's motion under the statute is properly rendered.

CIVIL ACTION to recover damages for the death of plaintiff's intestate caused by the alleged negligence of defendant company, heard before *Shaw, J.,* and a jury, at November Term, 1923, of GUILFORD.

At the close of the testimony, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*R. G. Strudwick and Adams & Adams for plaintiff.*
*Parham & Lassiter and King, Sapp & King for defendant.*

HOKE, C. J.   The evidence tended to show that defendant is a corporation extensively engaged in the construction of roads and streets, and in May, 1922, in the line of its business, was at work in repairing the streets of Greensboro, using for that purpose, among other appliances, a mixer or road paver.   This paver was a detached machine working by its own mechanical power and consisting chiefly of the engine, a revolving drum and a large pan or skip which, in the beginning of the operation, rests upon the ground so that the differing ingredients, sand and gravel, etc., can be unloaded into it from the carts.   It is then raised by mechanical power to an upright position, dumping its load into the revolving drum wherein the ingredients are properly mixed, and when upright it is fastened and held in its place by a latch, and so held until the operator releases it to drop and take in another load. This machine is controlled and worked by an operative standing on a table or platform through five levers; one starts the machine, two lifts the skip, three dumps the "batch" after it is mixed, the fourth turns on the water, and fifth latches the skip when it is raised into place.   In order to the better operation of the machine, it is necessary at times to clean off the ground where the skip rests so it may be level, and at the place and time in question plaintiff's intestate and another hand, employees of defendant, were at work with the machine, their duties being to unload the delivery carts into the pan and to keep the ground where the pan rested clear of any matter dropped from the pan or otherwise, and while so engaged the operator held the skip in place— releasing the same on signal from the workmen below.   On this occasion, while intestate was cleaning off the ground and out of view by reason of a shield encircling the machine for its protection, the pan dropped from its place and crushed the intestate so that he died in a few moments.   The proof showed that the machine was a standard one recently purchased and installed by defendant company and was in good order; and at the close of the testimony, and before the argument, counsel for defendant admitted in open court that they had offered no evidence tending to show that the mixer was not in good order, and that they would not ask the jury to find that it was not in proper condition.

On these, the facts in evidence chiefly pertinent, we must approve the decision of his Honor directing a nonsuit, being of opinion that from the evidence presented and the admissions of counsel, there is no permissible inference of an actionable breach of duty on the part of the defendant company. It is very generally accepted that in the exercise of reasonable care it is the duty of an employer of labor to provide for his employees a reasonably safe place in which to do their work, to furnish them with appliances and tools suitable for the work in which they are engaged. *Gaither v. Clement,* 183 N. C., 450; *Thompson v. Oil Co.,* 177 N. C., 279, and also to select employees who are competent and sufficient for such work. *Walters v. Lumber Co.,* 163 N. C., 536; *Northern Pacific R. R. v. Peterson,* 162 U. S., 346; and where there is a breach of duty in these respects or any of them, and the same is shown to be the proximate cause of an injury, the employee himself having been without default, an actionable wrong is established. It is also recognized with us, and very generally elsewhere, that unless otherwise provided by statute, as it is in this State in case of railroads, and to a large extent, also, under the Federal Employers' Liability Act, that an employer is not responsible for injuries attributable solely to the negligence of a fellow servant. *Walters' case, supra; Jones v. R. R.,* 176 N. C., 260. Considering the record in view of these authorities and the principles they approve and establish, there has, as stated, been no breach of duty shown on the part of defendant company, the proof and admissions showing that the machine was of standard make, newly purchased and installed, and as a mechanical proposition, operating properly at the time. Nor is there anywhere evidence of default in reference to selecting the operator; and on the facts offered by the plaintiff the injury is necessarily attributable and attributable only to an exceptional negligent act of the operator of the machine, who either failed to fasten the pan or released it in breach of his duty to his fellows. There is no testimony or suggestion that the operator had any authority over the intestate, or tending to show that he stood towards the latter in the place of his principal, being only a fellow servant. The injury was due solely to his default, and the court has correctly ruled that no cause of action has been shown. We are cited by counsel to the case of *Cook v. Mfg. Co.,* 182 N. C., p. 205; *S. c.,* 183 N. C., p. 48, as an authority in contravention of his Honor's ruling, but from those well-considered cases, where the matter is learnedly and fully discussed, particularly in the opinion of *Associate Justice Stacy* in denial of a petition to rehear, it will appear that, owing to the imminence of the danger presented, there was a general rule established by the employer that before restarting the machinery, when same had been stopped for repair, a certain signal should be given by blowing a whistle which could be heard by every one.

MICHAUX *v.* LASSITER.

Being a general rule established and published by the employer as necessary for the protection of the workmen, and being so established, reasonably to be relied upon by them, it was properly construed as a nondelegable duty on the part of the employer; and under the circumstances the person charged with the duty of carrying out the rule was in no sense a fellow servant, but in that respect represented the principal, and for his negligence the principal was to be considered responsible. But not so here where the sole cause of the injury was the single and exceptional negligent default of a fellow servant presently engaged with the intestate in operating a single machine at which they were at work together.

We find no reversible error, and the ruling and judgment below is
Affirmed.