ELEANOR G. HILDEBRAND v. SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY.

(Filed 25 February, 1942.)

**1. Eminent Domain § 26—**

A judgment assessing compensation for the taking of land or an easement under eminent domain has the force and effect of a deed.

**2. Highways § 10a—**

The State Highway and Public Works Commission has been granted exclusive control over the State Highway System and may in its discretion authorize the use of a highway right of way by telephone and telegraph companies, and prescribe the manner and extent of such use, subject to the right of the owner of the servient estate to payment of compensation for the additional burden.

**3. Eminent Domain § 26: Highways § 10a: Telephone and Telegraph Companies § 4—Use of land for telephone lines was embraced and included in decree awarding compensation for taking of easement for highway purposes in this case.**

In a proceeding to assess compensation for the taking of a right of way for a State Highway, decree was entered awarding the landowner a specified sum as compensation for the use of the land by the "State Highway and Public Works Commission, its successors and assigns, for all

purposes for which the State Highway and Public Works Commission is authorized by law to subject such right of way." Thereafter the Highway Commission granted the defendant telephone company the right to place its poles on and string its wires over the highway right of way. *Held:* The Highway Commission had authority to grant such right to the telephone company, and therefore the decree in the eminent domain proceeding granted an easement which embraced the right of way of the telephone company and awarded compensation therefor, and the owner of the fee is not entitled to again recover compensation.

**4. Judgments § 32—Judgment is binding upon the parties and their privies.**

A decree awarding compensation for taking of an easement by the State Highway and Public Works Commission, its successors and assigns, for all purposes for which the Commission is authorized by law to subject such right of way, is binding upon the parties, and a telephone company granted the right by the State Highway and Public Works Commission to maintain its poles and lines along said right of way is in privity with the Commission and is entitled to invoke the decree as against the owner of the fee in her subsequent action against it to recover compensation for the additional burden.

APPEAL by defendant from *Gwyn, J.,* at July Term, 1941, of BUNCOMBE. Reversed.

Civil action to restrain the defendant from trespassing upon lands of plaintiff and to recover damages alleged to have been sustained by the wrongful construction by the defendant of a telephone line along and over plaintiff's land.

This case was here on a former appeal. *Hildebrand v. Telegraph Co.,* 219 N. C., 402, 14 S. E., 252. The material facts are there stated.

Plaintiff instituted an action against the State Highway & Public Works Commission to recover damages by way of compensation for the right of way taken by the defendant over and across her land for the establishment and maintenance of U. S. Highway No. 70-74. Judgment was entered therein at the September Term, 1938, Buncombe County Superior Court, awarding plaintiff $3,600.00 in full satisfaction and compensation "for said right of way and the past and future use thereof by the State Highway & Public Works Commission, its successors and assigns, for all purposes for which the State Highway & Public Works Commission is authorized by law to subject such right of way." This judgment was paid and the plaintiff received and accepted the compensation thus awarded.

In July, 1938, the State Highway & Public Works Commission entered into an agreement with the defendant under the terms of which it granted a license or privilege to the defendant to encroach upon the right of way by erecting and locating its poles at specific points thereon. The Highway Commission reserved the right to require the removal of or change in the location of said structures. The judgment in the con-

demnation proceedings and this contract were admitted in evidence and are now a part of the record.

Issues were submitted to and answered by the jury as follows:

"1. Did the plaintiff file a petition after the construction of the highways known as U. S. 70-74, Project 9026, for condemnation as provided by the Consolidated Statutes of North Carolina, to have assessed damages alleged to have been sustained by reason of such construction?

"A. Yes (by consent).

"2. Was judgment duly entered in said cause in favor of the plaintiff, for the sum of $3,600, in full satisfaction and compensation for the taking of said right of way, past and future use thereof by the Highway & Public Works Commission, its successors and assigns, for all purposes for which the State Highway & Public Works Commission is authorized by law to subject said right of way, which judgment was duly paid as alleged in the answer of defendant?

"A. Yes (by consent).

"3. Are all defendant's poles and wires on the right of way of the State Highway & Public Works Commission, as described and set forth in the judgment in the condemnation proceedings instituted by plaintiff against the State Highway & Public Works Commission?

"A. Yes (by consent).

"4. Did the State Highway & Public Works Commission, prior to the commencement of the building and erection of the telephone lines and poles by defendant, give and grant to defendant the right to install and erect said poles and lines within the right of way of the State Highway & Public Works Commission, insofar as the State Highway & Public Works Commission was by law authorized so to do?

"Answer: Yes (by consent).

"5. Was the plaintiff the owner of the fee in the land embraced within and subject to the State Highway right of way and adjoining land on the west side thereof, consisting of approximately 15 acres?

"Answer: Yes.

"6. What damages, if any, is plaintiff entitled to recover?

"Answer: $1,000.00."

From judgment thereon in favor of the plaintiff, defendant appealed.

*Sanford W. Brown and J. W. Haynes for plaintiff, appellee.*

*J. G. Merrimon, S. B. Naff, Merrell Collier and Guthrie, Pierce & Blakeney for defendant, appellant.*

BARNHILL, J. The judgment roll in the original condemnation proceedings in which a decree was entered condemning a right of way over and across plaintiff's lands for use as a public highway was excluded in

the original trial of this cause. The error in so doing was assigned as one of the reasons for remanding the case for a new trial. In the trial below this judgment roll was admitted and the decree therein is now before us for consideration. The jury by its verdict has found the essential facts in respect thereto.

This decree has the force and effect of a deed. *Buchanan v. Hedden,* 169 N. C., 222, 85 S. E., 417; *Finch v. Finch,* 131 N. C., 271.

Was the extent of the easement conveyed by said decree such as to include the right on the part of the Highway Commission to grant the defendant the permissive use of the right of way for the purpose for which it is now being used by it without additional compensation to the plaintiff, owner of the servient estate? The answer is decisive of this appeal.

The State Highway & Public Works Commission has been granted exclusive control over the State Highway system. Ch. 2, sec. 10 (b), Public Laws 1921, as amended. It has full authority to make proper and reasonable rules, regulations and ordinances for the placing or erection of telephone, telegraph or other poles within the right of way, and it may, at any time, require the removal of, change in, or relocation of any such poles. Ch. 160, sec. 1, Public Laws 1923. That said Commission may in its discretion authorize the use of the highway right of way by telephone and telegraph companies is not seriously debated. This authority, however, is subject to the right of the owner of the servient estate to payment for the additional burden. *Hildebrand v. Telegraph Co.,* 219 N. C., 402, 14 S. E., 252.

The decree in the original condemnation proceedings established and granted a right of way for use for highway purposes. This, however, is not the extent of the judgment. It grants a right of way to the Highway & Public Works Commission, its successors and assigns. It is for all purposes for which the State Highway & Public Works Commission is authorized by law to subject said right of way. This includes the privilege granted defendant.

The condemnation decree is conclusive and binding upon the parties to that action. The defendant, as "assignee" of the Highway Commission, by virtue of its privity, may assert the authority of the Highway Commission thereunder to permit it to encroach upon the highway without any payment of any additional sum to plaintiff. *Power Co. v. Power Co.,* 188 N. C., 128, 123 S. E., 310; *Garrett v. Kendrick,* 201 N. C., 388, 160 S. E., 349; *Southerland v. R. R.,* 148 N. C., 442, 62 S. E., 517; *Buchanan v. Hedden, supra; Coltrane v. Laughlin,* 157 N. C., 282, 72 S. E., 961; *Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535; *Weeks v. McPhail,* 128 N. C., 130; 2 Black on Judgments, sec. 549; 2 Freeman on Judgments (5d), secs. 831-833.

Having the authority under the law to grant the permissive use of the highway right of way to telephone and telegraph companies, the State Highway & Public Works Commission executed its agreement granting this right to the defendant. The defendant is now exercising that privilege subject to the limitations and restrictions provided by law and incorporated in the agreement. The plaintiff has been compensated for this additional burden. She may not again recover.

The conclusion here reached is not in conflict with our opinion on the former appeal in this cause. We still adhere to the rationale of that decision. It is based upon the broad language of the judgment in the condemnation proceedings and the rights thereby acquired by the State Highway & Public Works Commission.

The defendant was entitled to judgment upon its motion to dismiss as of nonsuit.

Reversed.