LEWIS VAN LEUVEN AND RUTH ARDREY VAN LEUVEN v. AKERS MOTOR LINES, INC., A CORPORATION.

(Filed 8 April, 1964.)

**1. Highways § 5;   Eminent Domain § 2—**

The Highway Commission has exclusive control of a highway easement and authority to make reasonable rules and ordinances to implement such

control, G.S. 136-18(10), G.S. 136-93, and it may issue a permit authorizing the holder of the permit to construct a sewer line within the right of way over lands owned by another in fee, but in such case the owner of the fee is entitled to compensation for the additional burden placed upon the land.

**2. Same—**

In an action by the owner to recover for the additional burden placed upon the land by the construction of a sewer line within the highway right of way, defendant is entitled to plead that it had permission from the Highway Commission to construct the sewer line, since the pre-existing easement for highway purposes has a bearing upon the question of damages, the owner of the fee being entitled to recover only for the decrease in the value of his land because of the additional burden of the sewer line.

**3. Election of Remedies § 1;　Judgments § 30—**

An action solely for an injunction to restrain defendant from constructing a sewer line across plaintiff's property, amended after the construction of the sewer line to request a mandatory injunction to compel its removal, which suit is dismissed, will not bar a subsequent action to recover damages for the burden of the easement, even though damages might have been, but were not, demanded in the prior suit.

**4. Damages § 10—**

A party constructing, under written permission of the Highway Commission, a sewer line within the highway easement across land owned by another in fee may not be held liable for punitive damages by such owner of the fee.

APPEAL by defendant from *Clark (Edward B.), Special Judge,* September 9 and September 16, 1963, Schedule "C" Civil Session of MECKLENBURG.

When this cause came on to be heard at the above session of the Superior Court of Mecklenburg County before Clark (Edward B.), Special Judge, "upon consent of counsel for plaintiffs and defendant for a pre-trial hearing and the court in its discretion determined that the defendant's pleas in bar be disposed of prior to trial; whereupon the defendant introduced into evidence the complete record in this action and in the action entitled *'Lewis Van Leuvan vs. Akers Motor Lines, Inc.'* * * * instituted in the Superior Court of Mecklenburg County on the 20th day of October, 1959, the record on appeal to the Supreme Court of North Carolina including the transcript of evidence, and briefs, and the decision of the Supreme Court reported in 256 N.C. 610. After hearing oral arguments of counsel and studying written briefs filed by counsel and after examination and study of the records in the aforesaid decision of the Supreme Court, the court finds facts as follows:

"1.　Lewis Van Leuvan instituted an action in the Superior Court of Mecklenburg County * * * against Akers Motor Lines, Inc. on

the 20th day of October, 1959, alleging ownership of a house and lot on Little Rock Road, a State highway in Mecklenburg County, for a permanent order restraining the installation through his lot of a sewer line by the defendant and on said date Judge Clarkson issued a temporary restraining order.

"2.   Upon hearing, the temporary restraining order was dissolved.

"3.   In November, 1959, after dissolution of the temporary order, the defendant completed construction of the sewer line through plaintiff's lot, the line constructed of an iron pipe four inches in diameter buried to a depth of about four feet along the shoulder of Little Rock Road about four feet from the edge of the pavement.

"4.   Soon thereafter the plaintiff was allowed to amend his complaint, which he did by alleging that the sewer line had been constructed and installed through his lot over his objection and the plaintiff demanded a mandatory injunction requiring the defendant to remove the line and did not seek damages or other relief.

"5.   That upon trial Judge Patton sustained a demurrer to the plaintiff's evidence.

"6.   The plaintiff appealed to the Supreme Court which affirmed the judgment of the Superior Court without the decision becoming a precedent, the Justices being equally divided (one Justice not sitting). The Supreme Court decision established that the plaintiff was the owner of the said house and lot and that the plaintiff was not entitled to the relief demanded, a mandatory injunction for removal of the defendant's sewer line from the lot.

"7.   The Supreme Court found that the plaintiff was the owner of the lot on Little Rock Road. The question of ownership was not raised on appeal. The defendant in its appeal brief admitted that the plaintiff was the owner, subject to the thirty-foot highway easement of the State Highway Commission.

"8.   On the 15th day of August, 1962, Lewis Van Leuven and his wife, Ruth A. Van Leuven, instituted this action against Akers Motor Lines, Inc. * * * in the Superior Court of Mecklenburg County alleging substantially the same facts in their complaint that the plaintiff Lewis Van Leuven alleged in the prior action referred to in paragraph 1 above, but pray for: (1) possession of their lot free from the burden of the defendant's sewer line and (2) compensatory damages and (3) punitive damages.

"9.   The defendant filed answer setting up his pleas in bar as follows: (1) The judgment of the Supreme Court in the first action and

(2) that the defendant had the right to install and maintain its sewer line through the plaintiffs' lot within the State Highway right of way under permits from the State Highway Commission and the State Stream Sanitation Committee."

Upon the facts found, the court ordered and decreed as follows:

"1.  The decision of the Supreme Court in the first action is conclusive of right of both plaintiffs herein to have the sewer line removed from the lot; that they are not entitled to possession of their lot free from the burden of the sewer line.

"2.  The sewer line of the defendant is a burden on plaintiffs' lot and in addition to that of the highway easement for travel, and the plaintiffs are entitled to maintain this action against the defendant for the imposition of this additional burden.

"3.  The defendant's plea that it had permission to construct and maintain the sewer line within the highway easement from the State Highway Commission is not a bar to this action but may be properly pleaded for its bearing on the question of damages.

"4.  The plaintiffs have a single cause of action for trespass by the defendant in the construction and maintenance of the sewer line through their lot, for the taking of the added easement and the plaintiffs cannot split this action to recover damages for the period from the initial trespass to the time of the institution of this action and thereafter bring successive actions for the continued maintenance of the sewer line through plaintiffs' lot, as counsel for plaintiffs contended in oral argument and in his written brief.

"5.  On the question of punitive damages raised by both plaintiffs and defendant no conclusion is made for that previously this court denied the defendant's motion to strike the punitive damages alleged and prayed in the complaint."

From the foregoing order, the plaintiffs and the defendant gave notice of appeal to the Supreme Court. However, only the defendant perfected its appeal, assigning error.

*Hollowell & Stott; Helms, Mulliss, McMillan & Johnston for defendant.*
*No counsel contra.*

Denny, C.J.  The defendant's first assignment of error is to the ruling of the court below that the sewer line of the defendant is a

burden on plaintiffs' lot in addition to that of the highway easement for travel, and that the plaintiffs are entitled to maintain this action against the defendant for the imposition of this additional burden.

The State Highway Commission or its duly authorized officers may give in writing a permit to an individual, firm or corporation authorizing the holder of such permit to construct or install a sewer line within the right of way along any highway under the control of the Commission, provided the installation of such sewer line is made under the supervision and to the satisfaction of the Commission or its officers or employees. G.S. 136-93.

In the case of *Highway Commission v. Young*, 200 N.C. 603, 158 S.E. 91, this Court upheld an ordinance passed by the State Highway Commission pursuant to statutory authorization to the effect, "That the right of way of all State highways, except as otherwise designated by appropriate signs on the ground, shall extend thirty feet from the center of the highway on either side * * *, and it shall be unlawful for any person to construct or maintain any structure within the limits of said right of way, except with the written permission of the State Highway Commission."

Likewise, the State Highway Commission is empowered by G.S. 136-18 (10), "To make proper and reasonable rules, regulations and ordinances for the placing or erection of telephone, telegraph or other poles, signboards, fences, gas, water, sewerage, oil, or other pipe lines, and other similar obstructions that may, in the opinion of the Highway Commission, contribute to the hazard upon any of the said highways or in anywise interfere with the same, and to make reasonable rules and regulations for the proper control thereof. And whenever the order of the said Commission shall require the removal of, or changes in, the location of telephone, telegraph, or other poles, signboards, fences, gas, water, sewerage, oil, or other pipe lines, or other similar obstructions, the owners thereof shall at their own expense move or change the same to conform to the order of the said Commission."

In *Hildebrand v. Telegraph Co.*, 219 N.C. 402, 14 S.E. 2d 252, it is said: "It may be conceded that the easement acquired by the State for a public highway is, under existing law, so extensive in nature and the control exercised by the Highway Commission is so exclusive in extent that the subservient estate in the land, from a practical standpoint, amounts to little more than the right of reverter in the event the easement is abandoned. Nevertheless, the subservient estate still exists and any encroachment thereon entitles the owner to nominal damages at least."

In the case of *State Highway Commission v. Black*, 239 N. C. 198, 79 S.E. 2d 778, this Court said: "Where it (the State Highway Com-

mission) exercises the power of eminent domain vested in it by the statute codified as G.S. 136-19 and in that way appropriates the land of another to public use as the right of way for a public highway, the State Highway and Public Works Commission acquires once for all the complete legal right to use the entire right of way for highway purposes as long as time shall last. From the viewpoint of practicality, the difference between an easement of this nature and extent and a fee simple estate in the land covered by the right of way is negligible."

In *Hildebrand v. Telegraph Co.*, 221 N.C. 10, 18 S.E. 2d 827, in discussing the control of highway easements by the State Highway Commission, this Court said: "The State Highway & Public Works Commission has been granted exclusive control over the State Highway system. Ch. 2, sec. 10 (b), Public Laws 1921, as amended. It has full authority to make proper and reasonable rules, regulations and ordinances for the placing or erection of telephone, telegraph or other poles within the right of way, and it may, at any time, require the removal of, change in, or relocation of any such poles. Ch. 160, sec. 1, Public Laws 1923. That said Commission may in its discretion authorize the use of the highway right of way by telephone and telegraph companies is not seriously debated. This authority, however, is subject to the right of the owner of the servient estate to payment for the additional burden." *Grimes v. Power Co.*, 245 N.C. 583, 96 S.E. 2d 713.

The first assignment of error is overruled.

The defendant's second assignment of error challenges the correctness of the ruling of the court below to the effect that, "(t)he defendant's plea that it had permission to construct and maintain the sewer line within the highway easement from the State Highway Commission is not a bar to this action but may be properly pleaded for its bearing on the question of damages." In our opinion, this ruling was proper and we so hold. However, the damages recoverable are limited to damages flowing from the imposition of the added burden on the pre-existing easement.

The State Highway Commission had the right to grant the permit to the defendant to lay its sewer line within the Commission's easement across the property of the plaintiffs, but it did not and does not have the power to relieve the defendant from liability to compensate the plaintiffs for the added burden the State Highway Commission permitted the defendant to put upon the pre-existing easement.

The defendant is entitled to have the existence of the Highway Commission's easement considered in mitigation of damages. It is proper to show the existence of a pre-existing easement when assessing damages for an additional one in order to limit recovery only for the

difference in the fair market value of the land involved subject to the pre-existing easement immediately before and immediately after subjecting it to the added burden. *Light Co. v. Sloan,* 227 N.C. 151, 41 S.E. 2d 361, and cited cases.

Assignment of error No. 2 is overruled.

The defendant's third assignment of error is directed to the ruling of the court below to the effect that "(t)he plaintiffs have a single cause of action for trespass by the defendant in the construction and maintenance of the sewer line through their lot, for the taking of the added easement and the plaintiffs cannot split this action to recover damages for the period from the initial trespass to the time of the institution of this action and thereafter bring successive actions for the continued maintenance of the sewer line through plaintiffs' lot." The effect of this ruling was tantamount to a holding that since the additional burden resulting from the laying of the pipe line was permanent in nature, the plaintiffs would be allowed to seek permanent damages in this action. From this ruling the plaintiffs did not appeal.

On the other hand, the defendant takes the position that any claim for damages in connection with the laying of its pipe line across the premises of the plaintiffs within the boundaries of the State Highway Commission's easement across said property, had to be asserted in the original action; therefore, it contends the plaintiffs are now estopped to maintain this action and that the lower court should have so held.

A careful consideration of the pleadings in these two actions leads us to the conclusion that the plaintiff in the first action might have asserted a claim for damages. However, it is quite clear that the plaintiff in the first action sought injunctive relief only. This relief was sought upon the theory that since the defendant was a common carrier of freight by motor vehicles and did not possess the power of eminent domain, it could not construct its sewer line across his premises without his consent. Therefore, he pressed for injunctive relief at first, to prevent the construction of the sewer line, and after the line was completed, he was permitted to amend and ask for a mandatory injunction requiring the removal of the sewer line from his premises. Failing in that, the present plaintiffs instituted this action at law for the possession of their property and for damages.

The court below held that the plaintiffs were not entitled to the possession of their premises free from the burden of the defendant's sewer line, and from this ruling they did not appeal.

An examination of the pleadings in the original action reveals the fact that the defendant in its answer alleged that the plaintiff was not entitled to injunctive relief on the ground that he had an adequate

remedy at law for damages. Furthermore, the authorities in this country on the point raised are sharply conflicting. *Sanders v. R. R.,* 216 N.C. 312, 4 S.E. 2d 902; *Sanders v. Smithfield,* 221 N.C. 166, 19 S.E. 2d 630; 26 A.L.R. 2d Anno.: Injunction — Bar — Action for Damages, page 446, et seq., and A.L.R. Supplement Service 1960, Volume 2, page 2162.

We are of the opinion, in light of the pleadings filed in the former action by the respective parties, that the plaintiffs are entitled to maintain this action for nominal damages at least. Even so, such damages will be limited to compensation only for the added burden on the pre-existing easement of the State Highway Commission.

Assignment of error No. 3 is overruled.

Defendant further assigns as error the failure of the court below to hold that since the claim for punitive damages was not set up in the first action, these plaintiffs are estopped from asserting such claim in the present action. This assignment of error will not be upheld for the reason assigned. However, there is no factual basis disclosed by the pleadings in this action that would warrant the recovery of punitive damages. What the defendant did was in conformity with and pursuant to a permit granted by the State Highway Commission as authorized in G.S. 136-93.

"Punitive damages may be awarded only where the wrong is done wilfully or under circumstances of rudeness, oppression or in a manner which evinces a reckless and wanton disregard of the litigant's rights." *Rubber Co. v. Distributors, Inc.,* 253 N.C. 459, 117 S.E. 2d 479; *Hinson v. Dawson,* 244 N.C. 23, 92 S.E. 2d 393, 62 A.L.R. 2d 806; *Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333; *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785; *Baker v. Winslow,* 184 N.C. 1, 113 S.E. 570; *Hayes v. Askew,* 52 N.C. 272.

The judgment entered below is

Affirmed.