INEZ H. WATKINS v. LAMBE-YOUNG, INC. AND SHUTT HARTMAN CON-
STRUCTION CO., INC.

No. 7721DC628

(Filed 20 June 1978)

**Dedication §§ 1.3, 5— public use of road—construction of water line proper**

Where a statement of dedication signed by plaintiff manifested her intent
to dedicate some portion of her property for public use, the metes and bounds
description of the land transferred by plaintiff to a third person after the
dedication reflected her awareness of the right-of-way and set its dimensions
as the same as those shown on a plat of the area, and plaintiff never objected
to State maintenance of the road for use by the public, such actions were in-
consistent with any construction except her assent to public use of the road
and its full right-of-way; thus, upon acceptance by the State, the dedication
was irrevocable whether plaintiff's offer was express or implied, and defend-
ants could properly install a water line within the right-of-way accepted by the
State. G.S. 136-18(10).

APPEAL by plaintiff from *Alexander (Abner), Judge*. Judg-
ment entered 11 May 1977 in District Court, FORSYTH County.
Heard in the Court of Appeals 27 April 1978.

Plaintiff seeks damages and equitable relief for injuries al-
leged to have grown out of an entry by defendants upon land
owned by her. The defendants, acting in conformity with the
policies of the Department of Transportation, installed a water
main along the side of Greenbrook Drive where plaintiff's
residence lies.

Defendants moved for summary judgment and introduced af-
fidavits and exhibits tending to show that plaintiff joined in an of-
fer of dedication in 1962 involving a tract of land known as the
V. R. Woodford property. V. R. Woodford was her grantor, and
the remainder of his property was subdivided in 1962 by
reference to a plat registered under the name Greenbrook Forest.
In 1964, Greenbrook Drive, the only roadway adjoining plaintiff's
land, was accepted by the State which has since maintained it. In
1965, plaintiff conveyed a portion of her land adjoining Green-
brook Drive to one Douthit but did not attempt to convey any of
the land which would be within the dedicated right-of-way. The
lot was conveyed by reference to the recorded plat of Greenbrook
Forest.

Plaintiff submitted her own affidavit tending to show irregularities in the offer of dedication pertaining to the V. R. Woodford property. By affidavit she contended that she had never expressly or impliedly consented to any use of her land by the public except as a roadway.

The court concluded that there was no genuine issue of fact to be resolved. Summary judgment was entered for defendants.

*Hatfield and Allman, by C. Edwin Allman and Michael D. West, for plaintiff appellant.*

*Deal, Hutchins and Minor, by William K. Davis, for defendant appellees.*

VAUGHN, Judge.

Defendants showed by affidavit and exhibit that they installed the water line within the 60' right-of-way claimed by the State of North Carolina in Greenbrook Drive as it was accepted by the State in May, 1964. The offers of dedication thus accepted were made by a Statement of Dedication of Streets and Roads for Public Use executed by plaintiff in 1962. Plaintiff does not deny signing the offers of dedication. It is undisputed that the water line was installed within the 60' right-of-way accepted by the State in 1964. Now, however, more than a decade after the dedication, plaintiff attempts to point out a variety of defects in the instrument which, she contends, serve to prevent it from functioning as a complete and valid dedication. We need not discuss plaintiff's arguments with reference to the alleged defects, although we do not concede that there is merit to them. A dedication of land to a public use may be made by express terms or it may be implied from the conduct of the landowner. *Tise v. Whitaker-Harvey Co.*, 146 N.C. 374, 59 S.E. 1012 (1907). Where the owner delivers land to a public use in such manner that his acts would fairly and reasonably lead an ordinarily prudent man to infer that he intended to dedicate the land to that use, acceptance of the land by some public body entitled to do so causes the dedication to become irrevocable. *Spaugh v. Charlotte*, 239 N.C. 149, 79 S.E. 2d 748 (1954). The statement of dedication signed by plaintiff manifests her intent to dedicate some portion of her property for public use. The metes and bounds description of land transferred by her to Douthit in January, 1965, reflects her awareness of the

right-of-way and sets its dimensions as the same as those shown on the Greenbrook Forest plat. Plaintiff has never objected to State maintenance of the road for use by the public. These actions on her part are inconsistent with any construction except her assent to public use of Greenbrook Drive and its full right-of-way. *See State Hwy. Comm. v. Thornton*, 271 N.C. 227, 156 S.E. 2d 248 (1967); *see also* 63 A.L.R. 667 for cases holding as a general rule that an invalid statutory dedication once accepted becomes a valid common law dedication. Thus, upon acceptance by the State, the dedication was irrevocable whether the offer was expressly or impliedly made.

The only remaining question concerns the extent of the dedication. Plaintiff contends that even if she made the dedication of the portion of her property on which the water line was installed, she retained an interest in it which was invaded by defendants. She relies on the cases of *Van Leuven v. Akers Motor Lines*, 261 N.C. 539, 135 S.E. 2d 640 (1964) and *Hildebrand v. Southern Bell Tel. & Tel. Co.*, 219 N.C. 402, 14 S.E. 2d 252 (1941). Her reliance on these cases is misplaced. Both concern the overburdening (or possibility of overburdening) an easement limited to a particular use. In the present case, plaintiff's offer of dedication was "for public use." Such a dedication must encompass all uses to which the Department of Transportation is authorized by law to subject the right-of-way. G.S. 136-18(10); *Hildebrand v. Southern Bell Tel. & Tel. Co.*, 221 N.C. 10, 18 S.E. 2d 827 (1942). Water lines are such a use. The court, therefore, did not err in granting defendants' motion for summary judgment. The judgment is affirmed.

Affirmed.

Judges PARKER and WEBB concur.