BOARD OF TRANSPORTATION v. DON F. PIERCE AND WIFE, MRS. DON F. PIERCE; COUNTY OF BUNCOMBE; CITY OF ASHEVILLE; JAMES H. CRAFT AND WIFE, DOROTHY MARIE CRAFT; PAUL M. YOUNG LESSEE; J.W. YOUNG, LESSEE; YOUNG ASSOCIATES, INC., LESSEE; G.F. TURNER, TRUSTEE; AND FIRST AMERICAN NATIONAL BANK OF NASHVILLE, TENNESSEE

No. 7928SC835

(Filed 2 September 1980)

1. **Eminent Domain § 7.8; Highways and Cartways § 5— judgment granting highway right of way — sufficiency of description**

    A 1938 judgment giving the State Highway and Public Works Commission a "right of way one hundred feet in width measured 50 feet on either side of the centre line of the concrete pavement laid during the year 1929" contained a sufficient description of the acquired right of way.

2. **Eminent Domain § 7.8; Highways and Cartways § 5; Registration § 1— judgment granting highway right of way — absence of registration**

    A highway right of way easement granted by a judgment in a condemnation proceeding is good as against bona fide purchasers for value of the servient tenement although the judgment was not recorded in the Office of the Register of Deeds.

APPEAL by defendants from *Lewis, Judge.* Order entered 21 May 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 18 March 1980.

The plaintiff instituted this action to condemn property owned by the defendants Pierce and leased by the defendants Young. Prior to trying the condemnation issue, the court had a hearing to determine the amount of land to be taken for a highway easement. The plaintiff claimed pursuant to a 1938 Buncombe County Superior Court judgment that it had an existing right of way for a public road extending beyond a ditch in front of the defendants' property. Defendants, who hold their title through *mesne* conveyances from the executors of the estate of Eleanor G. Hildebrand, denied the right of way extended beyond the ditch. From an order settling the issues and holding that plaintiff's easement extended beyond the ditch, the defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Bennett, Kelly and Cagle, by Harold K. Bennett, for defendant appellants.*

WEBB, Judge.

The defendants appeal from an interlocutory order which they may do in this case. *See Highway Commission v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772 (1967).

[1] The appellants contend that the description in the 1938 judgment under which the State Highway and Public Works Commission acquired a right of way was not a proper description. The appellants argue that the right of way is not described specifically enough in the judgment to give the plaintiff any interest in the property. The judgment provides the State Highway and Public Works Commission shall have a "right of way one hundred feet in width measured 50 feet on either side of the centre line of the concrete pavement laid during the year 1929." If this description is such that the boundaries to the right of way could have been located with certainty on the

ground at the time the judgment was entered in 1938 or it furnished the means of locating them with certainty by reference to something extrinsic, it is a sufficient description. *See Supply Co. v. Nations*, 259 N.C. 681, 131 S.E. 2d 425 (1963). Mr. B.E. Bumgarner, an engineer for the Board of Transportation, testified that he surveyed the property in preparation for the taking which is the subject of this action. He testified he was able to locate the concrete road which was laid in 1929 and later covered with asphalt. He testified further that he could locate the edge of the concrete and from this determine the center line of the highway constructed in 1929. We hold that this was sufficient for the right of way boundary 50 feet from the center line of the highway to be located. If it could be done in 1979, it could have been done in 1938.

The appellants' rely on *In re Simmons*, 5 N.C. App. 81, 167 S.E. 2d 857 (1969). In that case this Court affirmed the dismissal of a petition in which the City of Greensboro attempted to condemn property for the widening of a street. The petition asked for the condemnation of whatever property the respondent owned within 22 feet of the center of Church Street. The petition did not say where the existing edge of the right of way was located. This Court held that the petition should have been dismissed because it did not describe the property to be condemned. In the case sub judice, the property to be condemned is described with specificity in the complaint.

We note that a lawsuit involving the right of way in question has three times been to our Supreme Court. *See Hildebrand v. Telegraph Co.*, 216 N.C. 235, 4 S.E. 2d 439 (1939); 219 N.C. 402, 14 S.E. 2d 252 (1941); 221 N.C. 10, 18 S.E. 2d 827 (1942). The parties at that time apparently had no difficulty determining the right of way lines.

During his testimony, Mr. Bumgarner testified, over the objection of the defendants, that he used unrecorded plats of surveys made in 1929, 1955 and 1969 to assist him in his survey. The appellants assign this as error. Since we have held that the description in the 1938 judgment was sufficient to locate the boundary of the right of way, it was not error to allow Mr. Bumgarner to testify as to how he conducted the survey, including testimony as to the use of old plats.

[2]  The 1938 judgment was not filed in the Office of the Register of Deeds. The appellants ask us to hold that for this reason, the judgment does not give plaintiff a valid easement against the defendants since they are bona fide purchasers for value of the property. Appellants concede that for us to reach this holding we would have to overrule *Light Co. v. Bowman*, 228 N.C. 319, 45 S.E. 2d 531 (1947). We do not have the power to overrule our Supreme Court.

Affirmed.

Judges HEDRICK and WELLS concur.