**FRANCES L. AUSTIN FAMILY LTD. P'SHIP v. CITY OF HIGH POINT**

[177 N.C. App. 753 (2006)]

FRANCES L. AUSTIN FAMILY LIMITED PARTNERSHIP AND PIEDMONT LAND
CONSERVANCY, Plaintiffs v. CITY OF HIGH POINT, Defendant

No. COA05-1514

(Filed 6 June 2006)

**Cities and Towns; Easements— taking—presence of un-
used sewer line on now abandoned sewer easement—just
compensation**

The presence of defendant city's former buried sewer line on its
abandoned and reverted sewer easement did not constitute a fur-
ther taking of plaintiff's property for which plaintiff is entitled to
just compensation, because: (1) defendant paid plaintiff just com-
pensation for the taking when in 1963 defendant paid plaintiff's
predecessor-in-title for the right to place its sewer line on plaintiff's
property forever; (2) plaintiff's predecessor-in-title accepted pay-
ment of $988.24 as compensation for any lost value to the property
as a result of defendant's installation and maintenance of the sewer
line within its easement, and plaintiff is entitled to nothing more
than what its predecessors-in-title were paid when plaintiff pur-
chased the property with the easement and sewer line in place and
the parties reached an agreement on additional damages for the
new sewer easement; and (3) defendant can abandon the easement
without further obligation to plaintiff to pay compensation or
remove the buried pipe when the owner of the dominant estate is
not required to maintain or repair the easement for the benefit of
the servient tenement.

Appeal by plaintiffs from order entered 6 October 2005 by Judge
W. Douglas Albright in Guilford County Superior Court. Heard in the
Court of Appeals 18 May 2006.

*Wyatt Early Harris Wheeler LLP, by Scott F. Wyatt, for plaintiffs-
appellants.*

*Womble Carlyle Sandridge & Rice, PLLC, by Gusti W. Frankel and
Alison R. Bost, for defendant-appellee.*

*Andrew L. Romanet, Jr. and John M. Phelps, II, for amicus curiae
North Carolina League of Municipalities.*

TYSON, Judge.

Frances L. Austin Family Limited Partnership ("AFLP") and Piedmont Land Conservancy (collectively, "plaintiffs") appeal from order entered concluding the presence of the City of High Point's ("defendant") former sewer line on its abandoned and reverted sewer easement does not constitute a further taking of AFLP's property. We affirm.

## I. Background

AFLP is the owner of approximately 101 acres located in High Point formerly used as a dairy farm. No sewer lines or pipes were located on the property prior to 1963. In 1963, defendant, in consideration for $988.24, obtained an easement from AFLP's predecessor-in-title for the installation, operation, and maintenance of a sewer line across AFLP's property.

On 17 March 2003, defendant initiated condemnation proceedings for a new sewer pipeline to be placed on AFLP's property as part of defendant's Upper Deep River Outfall Project. This condemnation action was resolved by consent judgment entered 18 March 2005. The consent judgment states that a portion of the existing easement on the property "reverts to the Grantor or its successor in interest upon completion of construction of the new sanitary sewer line."

Pursuant to the 1963 easement, defendant has a twenty-foot wide easement for the placement, operation, and maintenance of its sewer line across AFLP's property. The total area of the 1963 sewer line easement is 67,521.67 square feet. A total area of 55,887.24 square feet of additional permanent sewer line easement was taken in the 2003 Upper Deep River Outfall condemnation proceeding. Portions of the new easement run parallel and overlap with or include portions of the 1963 easement. The Upper Deep River Outfall easement is thirty feet wide. In the consent judgment, defendant also took for temporary construction an additional ten feet on both sides of the thirty foot easement.

Defendant completed the new sewer line on 1 May 2004. Upon completion of the new sewer line, defendant abandoned 26,503.83 square feet of portions of the 1963 sewer easement. Defendant left approximately 1,520 linear feet of sewer pipe buried in the ground within the abandoned easement. The diameter of the abandoned pipe varies between eighteen and twenty-four inches. This pipe was abandoned when the new sewer line was placed into service and is not being used by defendant for a sewer line or any other purpose.

Plaintiffs filed suit in Guilford County Superior Court alleging various claims relating to the underground sewer pipe including taking by inverse condemnation. On 12 August 2005, plaintiffs filed a "Motion for Judicial Determination of Issue Other than Compensation" pursuant to N.C. Gen. Stat. § 40A-47 seeking a ruling from the trial court on whether the continued presence of defendant's sewer pipe on its abandoned sewer easement constitutes a taking of AFLP's property requiring defendant to pay just compensation. The trial court reviewed depositions, pleadings, exhibits, and other materials and concluded "the presence of defendant City of High Point's unused sewer line on its now abandoned sewer easement . . . does not constitute a taking of [AFLP's] property under Chapter 40A of the North Carolina General Statutes." Plaintiffs appeal.

## II. Issue

Plaintiffs argue the trial court erred by concluding defendant's act of leaving its buried sewer pipe on its abandoned sewer easement did not constitute a taking of AFLP's property for which plaintiffs are entitled to just compensation.

## III. Standard of Review

"Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980). Further, "[i]t is well settled that *de novo* review is ordinarily appropriate in cases where constitutional rights are implicated." *Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001).

## IV. Takings and Inverse Condemnation

The Fifth Amendment to the United States Constitution provides in pertinent part, "nor shall private property be taken for public use without just compensation." U.S. Const. amend. V. Article I, Section 19 of the North Carolina Constitution states in part, "No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land." N.C. Const. art. I, § 19.

> While North Carolina does not have an express constitutional provision against the "taking" or "damaging" of private property for public use without payment of just compensation, this Court has allowed recovery for a taking on constitutional as well as common law principles. We recognize the fundamental right to just compen-

sation as so grounded in natural law and justice that it is part of the fundamental law of this State, and imposes upon a governmental agency taking private property for public use a correlative duty to make just compensation to the owner of the property taken. This principle is considered in North Carolina as an integral part of "the law of the land" within the meaning of Article I, Section 19 of our State Constitution. The requirement that just compensation be paid for land taken for a public use is likewise guaranteed by the Fourteenth Amendment to the Federal Constitution.

*Long v. Charlotte*, 306 N.C. 187, 195-96, 293 S.E.2d 101, 107-08 (1982).

In *Charlotte v. Spratt,* our Supreme Court discussed the doctrine of inverse condemnation:

Where private property is taken for a public purpose by a municipality or other agency having the power of eminent domain under circumstances such that no procedure provided by statute affords an applicable or adequate remedy, the owner, in the exercise of his constitutional rights, may maintain an action to obtain just compensation therefor.

263 N.C. 656, 663, 140 S.E.2d 341, 346 (1965). An inverse condemnation remedy is provided in this State by statute. N.C. Gen. Stat. 40A-51(a) (2005). Where property has been taken and no complaint containing a declaration of taking has been filed, the owner "may initiate an action to seek compensation for the taking." *Id.* "In order to recover for inverse condemnation, a plaintiff must show an actual interference with or disturbance of property rights resulting in injuries which are not merely consequential or incidental . . . ." *Long,* 306 N.C. at 199, 293 S.E.2d at 109.

In *Loretto v. Teleprompter Manhattan CATV Corp.,* the United States Supreme Court dealt with a cable television company's installation of a cable on the plaintiff's apartment building. 458 U.S. 419, 73 L. Ed. 2d 868 (1982). New York law required a landlord to permit a cable television company to install its cable facilities on his property to provide cable television service to the tenants. *Id.* at 421, 73 L. Ed. 2d at 873. The Supreme Court answered the question of "whether a minor but permanent physical occupation of an owner's property authorized by government constitutes a 'taking' of property for which just compensation is due under the Fifth and Fourteenth Amendments of the Constitution." *Id.*

The Supreme Court recognized the distinction between cases involving a "permanent physical occupation" and cases involving governmental action outside a person's property which results in consequential damages. *Id.* The Court noted, "A taking has *always* been found only in the former situation." *Id.* at 428, 73 L. Ed. 2d at 877. The Court affirmed "the traditional rule that a permanent physical occupation of property is a taking." *Id.* at 441, 73 L. Ed. 2d at 886.

### V. Analysis

Plaintiffs argue AFLP is entitled to just compensation because defendant's act in leaving the buried sewer pipe on its abandoned sewer easement across AFLP's property constituted a taking. We disagree.

In 1963, AFLP's predecessor-in-interest granted an express sewer easement across the property to defendant for consideration of $988.24. The language of the express easement states the rights were granted to defendant "forever." However, our Supreme Court has held:

> When the purpose, reason, and necessity for an easement cease, within the intent for which it was granted, the easement is extinguished. Hence, if an easement is not granted for all purposes, but for a particular use only, the right continues while the dominant tenement is used for that purpose, and ceases when the specified use ceases.

*R.R. v. Way*, 172 N.C. 774, 778, 90 S.E. 937, 939 (1916) (quotation omitted); *see also Int. Paper Co. v. Hufham*, 81 N.C. App. 606, 609, 345 S.E.2d 231, 234 ("If the deed conveyed only an easement, the estate of the railroad company ceased and terminated when its tracks were removed and the railroad was abandoned[.]"), *disc. rev. denied*, 318 N.C. 506, 349 S.E.2d 860 (1986).

The 1963 easement was created for an express purpose, being "a sewer line across the property of the parties . . . and for the maintenance and upkeep of said sewer line." Under our Supreme Court's precedent, defendant abandoned the easement when it ceased to be used for a sewer line. *R.R.*, 172 N.C. at 778, 90 S.E. at 939. The 18 March 2005 consent order states the abandoned easement "reverts" to AFLP upon the completion of the new sewer line.

Whether or not defendant abandoned portions of the sewer easement is not determinative to the outcome here. Defendant paid AFLP just compensation for the taking. In 1963, defendant paid AFLP's predecessor-in-title for the right to place its sewer line on AFLP's property

"forever." AFLP's predecessor-in-title accepted payment of $988.24 as compensation for any lost value to the property as a result of defendant's installation and maintenance of the sewer line within its easement. Defendant has agreed, and the parties stipulate that defendant "shall be responsible for any assessment and/or remediation of contamination emanating from abandoned underground sewer lines on the Property" to the extent required by state or federal statutes or federal, state, or local regulations. Defendant has paid AFLP for the burden to its property of the buried sewer line. Plaintiffs are not entitled to be paid twice for that right.

In *Hildebrand v. Telegraph Co.*, the plaintiff was paid just compensation for a right-of-way taken by the State for highway purposes. The right-of-way was granted for "all purposes for which the State Highway & Public Works Commission is authorized by law to subject said right of way." 221 N.C. 10, 13, 18 S.E.2d 827, 829 (1942). The State granted the defendant the right to place telephone poles on the State's right-of-way. The plaintiff claimed she was entitled to compensation for the additional burden on her land. *Id.* at 14, 18 S.E.2d at 829-30. Our Supreme Court held, "The plaintiff has been compensated for this additional burden. She may not again recover." *Id.* Here, the same reasoning applies against AFLP. Plaintiffs were compensated by defendant for the right to place sewer lines within its sewer easement. "Where a landowner has granted a right of way over his land, he must look to his contract for compensation, as it cannot be awarded to him in condemnation proceedings, provided the contract is valid . . . ." *Feldman v. Gas Pipe Line Corp.*, 9 N.C. App. 162, 166, 175 S.E.2d 713, 715 (1970).

Defendant can abandon the easement without further obligation to AFLP to pay compensation or remove the buried pipe. Over eighty-five years ago, our Supreme Court stated, "the owner of the dominant estate is not required to maintain or repair the easement for the benefit of the servient tenement. He may, ordinarily, abandon it altogether, without infraction of any rights of the servient owner." *Craft v. Lumber Co.*, 181 N.C. 29, 31, 106 S.E. 138, 139 (1921). Our Supreme Court later reaffirmed this rule and held:

[I]t is well settled at common law that the owner of the dominant estate may abandon an easement if he sees fit without any act of consent or concurrence on the part of the servient tenant. Although, as a matter of fact, the abandonment may injure the land upon or near which the easement was exercised, it could not constitute an actionable injury at common law, and certainly does not amount to a taking within the meaning of the constitution.

*Snow v. Highway Commission,* 262 N.C. 169, 173, 136 S.E.2d 678, 681-82 (1964). Defendant has fully compensated AFLP for its loss in property value due to placing the sewer pipe on AFLP's property. AFLP is entitled to nothing more than what its predecessors-in-title were paid. AFLP purchased this property with the easement and sewer line in place. The parties reached an agreement on additional damages for the new sewer easement. This assignment of error is overruled.

## VI. Conclusion

Defendant fully compensated AFLP's predecessors-in-title for the sewer easement. The trial court did not err by concluding that defendant leaving its buried sewer pipe on its abandoned and reverted sewer easement did not constitute a taking of AFLP's property. The trial court's order is affirmed.

Affirmed.

Judges HUDSON and STEELMAN concur.